UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 98 - 0076 CR-MOORE

| UNITED STATES OF AMERICA | ) | Case No: |
| --- | --- | --- |
| | ) | MAGISTRATE JUDGE |
| vs. | ) | 21 U.S.C. § 963   DUBE |
| | ) | 21 U.S.C. § 952(a) |
| ANGEL ANDRES, a/k/a "Andres Andres," | ) | 21 U.S.C. § 853 |
| OMAR ANDRES, | ) | 21 U.S.C. § 846 |
| OSCAR ANDRES, | ) | 21 U.S.C. § 841(a)(1) |
| RAFAEL GONZALEZ, | ) | 18 U.S.C. § 924(c) |
| FNU LNU a/k/a "El Mono," | ) | 18 U.S.C. § 922(g)(1) |
| FNU LNU a/k/a "El Pedrito," | ) | 18 U.S.C. § 2 |
| JON JAIRO LNU, and | ) | |
| JUAN LOPEZ a/k/a "Juancho." | ) | |
| | ) | |
| _____ | ) | **INDICTMENT** |

The Grand Jury charges that:

## COUNT I

From on or about November 24, 1997, the exact date being unknown to the Grand Jury, and

continuing until on or about January 29, 1998, at Miami, Miami-Dade County, in the Southern

District of Florida, and elsewhere, the defendants,

**ANGEL ANDRES,  a/k/a "Andres Andres"**
**and**
**RAFAEL GONZALEZ,**

did knowingly and intentionally combine, conspire, confederate and agree with each other, and with

persons known and unknown to the Grand Jury, to import into the United States, from a place

outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a

detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a); all in

violation of Title 21, United States Code, Section 963.

## COUNT II

From on or about November 24, 1997, the exact date being unknown to the Grand Jury, and continuing until on or about January 29, 1998, at Miami, Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ANGEL ANDRES  a/k/a "Andres Andres,"**
**OMAR ANDRES,**
**OSCAR ANDRES,**
**RAFAEL GONZALEZ,**
**FNU LNU a/k/a "El Mono,"**
**FNU LNU a/k/a "El Pedrito,"**
**JON JAIRO LNU, and**
**JUAN LOPEZ, a/k/a "Juancho,"**

did knowingly and intentionally combine, conspire, confederate and agree with each other, and with persons known and unknown to the Grand Jury, to possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

## COUNT III

On or about January 29, 1998, the exact date being unknown to the Grand Jury, at Miami, Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ANGEL ANDRES  a/k/a "Andres Andres,"**
**OMAR ANDRES,**
**OSCAR ANDRES,**
**FNU LNU a/k/a "El Mono,"**
**FNU LNU a/k/a "El Pedrito,"**
**JON JAIRO LNU, and**
**JUAN LOPEZ, a/k/a "Juancho,"**

did knowingly use and carry a firearm, during and in relation to a drug trafficking crime, which is a

felony prosecutable in a court of the United States, that is, a violation of Title 21, United States Code,

Section 846, as set forth in Count II of this Indictment; all in violation of Title 18, United States

Code, Sections 924(c) and 2.

COUNT IV

On or about January 29, 1998, at Miami, Miami-Dade County, in the Southern District of

Florida, the defendant,

**ANGEL ANDRES, a/k/a "Andres Andres**,"

having previously been convicted on or about November 30, 1981, in The Circuit Court For the

Eleventh Judicial Circuit in and for Dade County, of a crime punishable by imprisonment for a term

exceeding one year, did knowingly possess a firearm, that is, a Sig Sauer P 230 9 millimeter semi-

automatic pistol, a Star 9 millimeter semi-automatic pistol, a Baretta 950 .25 caliber semi-automatic

pistol, a Glock 10 millimeter semi-automatic pistol, and a Colt AR-15 .223 caliber semi-automatic

assault rifle, and ammunition, that is, 10 millimeter ammunition, in and affecting commerce; in

violation of Title 18, United States Code, Section 922(g)(1).

**FORFEITURE**

A.    As a result of the above offenses in Counts I and II, the United States is entitled to

forfeiture of, and the defendants,

**ANGEL ANDRES  a/k/a "Andres Andres,"**<br>
**OMAR ANDRES,**<br>
**OSCAR ANDRES,**<br>
**RAFAEL GONZALEZ,**<br>
**FNU LNU a/k/a "El Mono,"**<br>
**FNU LNU a/k/a "El Pedrito,"**<br>
**JON JAIRO LNU, and**

3

**JUAN LOPEZ, a/k/a "Juancho,"**

shall forfeit to the United States any and all property constituting and derived from, any proceeds the

said defendants obtained, directly and indirectly, as a result of the said violations; and any and all

property used, and intended to be used, in any manner and part, to commit, and to facilitate the

commission of the violations, alleged in Counts I and II of this indictment, as to which property the

defendants are jointly and severally liable, all in violation of Title 21, United States Code, Sections

846, 963, and 853.

      B.     Pursuant to Title 21, United States Code, Section 853(p),

           i.     If any of the forfeitable property and any portion thereof, as a result of any act

or omission of the defendants:

                1.     cannot be located upon the exercise of due diligence;

                2.     has been transferred, or sold to, or deposited with a third party;

                3.     has been placed beyond the jurisdiction of the Court;

                4.     has been substantially diminished in value; or

                5.     has been co-mingled with other property which cannot be subdivided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek

forfeiture of any other property of said defendants up to the value of the forfeitable property.

All in violation of Title 21, United States Code, Sections 846, 963, and 853.

A TRUE BILL

**FOREPERSON**

THOMAS E. SCOTT
UNITED STATES ATTORNEY

ANN TAYLOR
ASSISTANT UNITED STATES ATTORNEY

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA 98 - CR-MOORE

v.

**CERTIFICATE OF TRIAL ATTORNEY***

ANGEL ANDRES, et. al.

MAGISTRATE JUDGE

DUBÉ

**Related Case Information**:
SUPERSEDING      No
New Defendant(s)    No
Number of New Defendants        8
Total number of counts          4

**Court Division**: (Select One)

Miami  X    Key West
FTL         WPB      FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:    Yes
    List language and/or dialect   Spanish

4.  This case will take    8    days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                    (Check only one)

    | | | | | |
    |---|---|---|---|---|
    | I | 0 to 5 days | | Petty | |
    | II | 6 to 10 days | X | Minor | |
    | III | 11 to 20 days | | Misdem. | |
    | IV | 21 to 60 days | | Felony | |
    | V | 61 days and over | | | |

6.  Has this case been previously filed in this District Court? No
    If yes:

Judge:                              Case No.
(Attach copy of dispositive order)

6

Has a complaint been filed in this matter?  YES.
If yes:

Magistrate Case No.                                98-2136-STB
Related Miscellaneous numbers:
Defendant(s) in federal custody as of
Defendant(s) in state custody as of
Rule 20 from the                                              District of

7.      This case originated in the U.S. Attorney's office prior to August 16, 1985
        No

        Ann Taylor
        Assistant United States Attorney
        Florida Bar No.  0063002

*Penalty Sheet(s) attached

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

98 - 007 6 CR-MOORE

PENALTY SHEET

MAGISTRATE JUDGE
DUBÉ

**Defendant's Name**:  ANGEL ANDRES a/k/a "Andres Andres"   **Case No**:

Count #: I

  Conspiracy to import cocaine

  Title 21, United States Code, Section 963

**\* Max.Penalty**:   Life Imprisonment

Count #: II

  Conspiracy to possess with intent to distribute cocaine

  Title 21, United States Code, Section 846

**\* Max.Penalty**:   Life Imprisonment

Count #: III

  Use of a Firearm in Furtherance of Drug Trafficking Offense

  Title 18, United States Code, Section 924(c)

**\* Max.Penalty**:   Consecutive Five Years

Count #: IV

  Felony Possession of Firearm and Ammunition

  Title 18, United States Code, Section 922(g)(1)

**\* Max.Penalty**:   Ten Years

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

98 - 007 6CR-MOORE

PENALTY SHEET

MAGISTRATE JUDGE

**Defendant's Name**:   <u>OMAR ANDRES</u>   **Case No**:

Count #: II

  <u>Conspiracy to possess with intent to distribute cocaine</u>

  <u>Title 21, United States Code, Section 846</u>

\* **Max.Penalty**:   Life Imprisonment

Count #: III

  <u>Use of a Firearm in Furtherance of Drug Trafficking Offense</u>

  <u>Title 18, United States Code, Section 924(c)</u>

\* **Max.Penalty**:   Consecutive Five Years

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**98-007 6CR-MOORE**

Defendant's Name:   OSCAR ANDRES    Case No:

MAGISTRATE JUDGE
DUBÉ

Count #: II

 Conspiracy to possess with intent to distribute cocaine

 Title 21, United States Code, Section 846

* **Max.Penalty:**   Life Imprisonment

Count #: III

 Use of a Firearm in Furtherance of Drug Trafficking Offense

 Title 18, United States Code, Section 924(c)

* **Max.Penalty:**   Consecutive Five Years

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

98-0076 CR-MOORE

Defendant's Name:   RAFAEL GONZALEZ     Case No:

MAGISTRATE JUDGE
DUBÉ

Count #: I

  Conspiracy to import cocaine

  Title 21, United States Code, Section 963

* **Max.Penalty:**   Life Imprisonment

Count #: II

  Conspiracy to possess with intent to distribute cocaine

  Title 21, United States Code, Section 846

* **Max.Penalty:**   Life Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET **98-0076 CR-MOORE**

Defendant's Name:  FNU LNU a/k/a "El Mono"          Case No:          MAGISTRATE JUDGE

Count #: II

  Conspiracy to possess with intent to distribute cocaine

  Title 21, United States Code, Section 846

* **Max.Penalty:**    Life Imprisonment

Count #: III

  Use of a Firearm in Furtherance of Drug Trafficking Offense

  Title 18, United States Code, Section 924(c)

* **Max.Penalty:**    Consecutive Five Years

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

98 - 0076 CR-MOORE

MAGISTRATE JUDGE

**Defendant's Name**:   JON JAIRO LNU     Case No:

Count #: II

  Conspiracy to possess with intent to distribute cocaine

  Title 21, United States Code, Section 846

**\* Max.Penalty**:   Life Imprisonment

Count #: III

  Use of a Firearm in Furtherance of Drug Trafficking Offense

  Title 18, United States Code, Section 924(c)

**\* Max.Penalty**:   Consecutive Five Years

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

98- 0076 CR-MOORE

Defendant's Name:   FNU LNU a/k/a "El Pedrito"       Case No:

MAGISTRATE JUDGE

Count #: II

  Conspiracy to possess with intent to distribute cocaine

  Title 21, United States Code, Section 846

* **Max.Penalty:**   Life Imprisonment

Count #: III

  Use of a Firearm in Furtherance of Drug Trafficking Offense

  Title 18, United States Code, Section 924(c)

* **Max.Penalty:**   Consecutive Five Years

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

98-0076 CR-MOORE

**Defendant's Name**: JUAN LOPEZ a/k/a "Juancho"     **Case No**:

MAGISTRATE JUDGE

Count #: II

  Conspiracy to possess with intent to distribute cocaine

  Title 21, United States Code, Section 846

* **Max.Penalty**:   Life Imprisonment

Count #: III

  Use of a Firearm in Furtherance of Drug Trafficking Offense

  Title 18, United States Code, Section 924(c)

* **Max.Penalty**:   Consecutive Five Years

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

CJA 20 (Rev. 4/96)   **APPOINTMENT C___ ___ND AUTHORITY TO PAY COURT A___ ___OINTED COUNSEL**

| 1. JURISDICTION | | 2. MAG. DOCKET NO. | 3. DIST. CT. DOCKET NO. | VOUCHER NO. |
|---|---|---|---|---|
| 1 ☐ MAG.  2 ☐ DIST.  3 ☐ APPEALS  4 ☐ OTHER | | | | |

| 4. APPEALS DOCKET NO. | 5. FOR (DISTRICT/CIRCUIT) | 6. LOC. CODE | 7. CHARGE/OFFENSE (U.S. or other code citation) | 7A. CASE CODE |
|---|---|---|---|---|
| | | | | |

| 8. IN THE CASE OF | 9. PERSON REPRESENTED (FULL NAME) | 9A. NO. REPRES. |
|---|---|---|
| vs | | |

| 10. PERSON REPRESENTED (STATUS) | 11. PROCEEDINGS (Describe briefly) |
|---|---|
| 1 ☐ DEFENDANT—ADULT  3 ☐ APPELLANT  5 ☐ OTHER  2 ☐ DEFENDANT—JUVENILE  4 ☐ APPELLEE | FILED by   D.C.  MAG. SEC.  FEB 1 0 1998 |

| 12. PAYMENT CATEGORY |
|---|
| A ☐ FELONY   C ☐ PETTY OFFENSE   E ☐ OTHER  B ☐ MISDEMEANOR   D ☐ APPEAL |

| 13. COURT ORDER |
|---|
| O ☐ Appointing Counsel   F ☐ Subs. for Fed.  ☐ Co-Counsel   ☐ Subs. for Retained Atty.  P ☐ Subs. for Panel Atty.  Name of prior panel attorney  Appt. Date _____  Voucher No. _____ |

Because the above-named "person represented" has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in item 14 is appointed to represent this person in this case.

STEPHEN T. BROWN

► _____  Sig. of Presiding Judicial Officer or By Order of Court (Clerk/Deputy)

► _____   ► _____  Date of Order        Nunc Pro Tunc Date

| 14. FULL NAME OF ATTORNEY/PAYEE (First Name, M.I., Last Name) Including Suffix) AND MAILING ADDRESS  S. D. OF FLA. MIAMI |
|---|

| 15. WORK PHONE | 16A. Does the attorney have the preexisting agreement (see Instructions) with a corporation, including a professional corporation?  ☐ Yes   ☐ No |
|---|---|
| 16B. SOCIAL SECURITY NO. (Only provide per instructions) | 16C. EMPLOYER I.D. NO. (Only provide per instructions) |
| 16D. NAME AND MAILING ADDRESS OF LAW FIRM (Only provide per instructions) | |

**CLAIM FOR SERVICES OR EXPENSES**

| | SERVICE | HOURS | DATES | Multiply rate per hour times total hours to obtain "In Court" compensation.  Enter total below. |
|---|---|---|---|---|
| **IN COURT** | a. Arraignment and/or Plea | | | |
| | b. Bail and Detention Hearings | | | |
| | c. Motions Hearings | | | |
| | d. Trial | | | 17A. TOTAL IN COURT COMP. |
| | e. Sentence Hearings | | | |
| | f. Revocation Hearings | | | |
| | g. Appeals Court | | | |
| | h. Other (Specify on additional sheets) | | | |
| | (Rate per hour = ) TOTAL HOURS = | | | $ |
| **OUT OF COURT** | a. Interviews and conferences | | | Multiply rate per hour times total hours. Enter total "out of court" compensation below. |
| | b. Obtaining and reviewing records | | | |
| | c. Legal research and brief writing | | | 18A. TOTAL OUT OF COURT COMP. |
| | d. Travel time (Specify on additional sheets) | | | |
| | e. Investigative and other work (Specify on additional sheets) | | | |
| | (Rate per hour = ) TOTAL HOURS = | | | $ |

| | TRAVEL, LODGING, MEALS ETC. | AMOUNT | OTHER EXPENSES | AMOUNT | |
|---|---|---|---|---|---|
| **EXPENSES** | 19. | | | | 19A. TOTAL TRAVEL EXP. |
| | | | | | 19B. TOTAL OTHER EXP. |
| | | | | | 20. GRAND TOTAL CLAIMED |
| | | | | | $ |

21. CERTIFICATION OF ATTORNEY/PAYEE FOR PERIOD _____ TO _____

F ☐ Final Payment  1 ☐ Interim Payment No. _____  Has compensation and/or reimbursement for work in this case previously been applied for?  ☐ YES  ☐ NO  
If yes, were you paid?  ☐ YES  ☐ NO   If yes, by whom were you paid? _____  How much? _____  Has the person represented paid any money to you, or to your knowledge to anyone else, in connection with the matter for which you were appointed to provide representation?  ☐ YES  ☐ NO  
If yes, give details on additional sheets.  
I swear or affirm the truth or correctness of the above statements ►

| SIGNATURE OF ATTORNEY/PAYEE | DATE |
|---|---|
| | |

| | 22. IN COURT COMP. | 23. OUT OF COURT COMP. | 24. TRAVEL EXPENSE | 25. OTHER EXPENSES | 26. TOTAL AMT. APPROVED/CERT. |
|---|---|---|---|---|---|
| **APPROVED FOR PAYMENT** | $ | $ | $ | $ | $ |
| | 27. SIGNATURE OF PRESIDING JUDICIAL OFFICER | | DATE | | 27A. JUDGE/MAG. CODE |
| | 28. SIGNATURE OF CHIEF JUDGE, CT. OF APPEALS (OR DELEGATE) | | DATE | | 29. TOTAL AMT. APPROVED  $ |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 98-2136-BROWN

UNITED STATES OF AMERICA,

v.

RAFAEL GONZALEZ

**ORDER DENYING GOVERNMENT'S
REQUEST FOR PRETRIAL DETENTION &**
~~SETTING A BOND~~

This cause came before the court upon motion of (the
government for pretrial detention) (the defendant to set a bond).
Upon consideration, it is

**ORDERED AND ADJUDGED** as follows:

_____ The government's motion is **denied.**

_____ The defendant's motion is **granted**; bond is set at:

    _____ Personal Surety, unsecured, in the amount of
$ _____

    _____ Personal Surety in the amount of $ _____   FEB 10,1998
with 10% posted with Clerk of Court.

    _____ Personal Surety in the amount of $ _____
secured by the following collateral: _____

    _____ Full Cash in the amount of $ _____

    ✓ Corporate Surety in the amount of $ 100K w/Nebbia

    _____ Full Cash or Corporate Surety in the amount of
$ _____

In addition to the standard conditions of bond, the following
special conditions are hereby imposed:

✓ SURRENDER ALL PASSPORTS & TRAVEL DOCUMENTS TO PRETRIAL SERVICES.

✓ REPORT TO PRETRIAL SERVICES AS FOLLOWS: 2 WEEKLY IN PERSON; ONCE   WEEKLY BY PHONE.

_____ SUBMIT TO RANDOM URINE TESTING BY PRETRIAL SERVICES FOR THE USE OF NON-   PHYSICIAN-PRESCRIBED
SUBSTANCES PROHIBITED BY LAW.

✓ MAINTAIN OR ACTIVELY SEEK FULL-TIME EMPLOYMENT.

_____ MAINTAIN OR BEGIN AN EDUCATIONAL PROGRAM.

_____ AVOID ALL CONTACT WITH VICTIMS OF OR WITNESSES TO THE CRIMES CHARGED.   _____ REFRAIN FROM POSSESSING A
FIREARM, DESTRUCTIVE DEVICE OR OTHER DANGEROUS   WEAPON.

_____ COMPLY WITH THE FOLLOWING ADDITIONAL SPECIAL CONDITIONS OF THIS BOND: _____
_____

If bond is changed from that set in another District, the reason
pursuant to Rule 40(f) is: _____

**DONE AND ORDERED** at Miami, Florida this 10TH day of FEBRUARY, 1998.

TAPE NO.98E 5-2032

c:AUSA, Defense,
  Pretrial Svcs, Marshal

UNITED STATES MAGISTRATE JUDGE
PETER R. PALERMO

(29)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 98-2136-BROWN

UNITED STATES OF AMERICA,

      **Plaintiff,**

**vs.**

**OMAR ANDRES,**

      **Defendant.**

_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. section 3142(f), a hearing was held on February 4, 1998 to determine whether the Defendant, Omar Andres, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required and the safety of any other person and the community. Therefore, it is ORDERED that Omar Andres be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. section 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

(1) The Defendant is charged with conspiracy to import cocaine and conspiracy to possess with intent to distribute cocaine. 18 U.S.C. section 3142(g)(1).

(2) Based upon these charges, there is a rebuttable presumption that the Defendant would pose a risk of flight and danger to the community if released.

(3) The weight of the evidence is substantial. The government proffered that the Defendant

was involved in a conspiracy to import and distribute 252 kilograms of cocaine.  According to the government, co-defendant Angel Andres  approached a confidential source and asked the CS to assist in the importation of 200 kilograms of cocaine into the United States.  A future importation of 500 kilograms was also discussed.  The CS and Angel Andres had a series of telephone conversations concerning shipping schedules.  The CS, Angel Andres and co-defendant Oscar Andres met on December 2, 1997.  Additional recorded phone conversations and meetings took place between Angel Andres and the CS.  A 252 kilogram shipment of cocaine was ultimately found on a ship which arrived at Port Everglades.  This cocaine was seized.  Following this seizure, the CS traveled to Angel Andres' residence.  During a meeting attended by the Defendant, co-defendants Angel Andres and Oscar Andres and four other individuals, the CS was accused of stealing the cocaine.  All of the men pulled out weapons and pointed them at the CS.  The CS was also searched for recording devices.  The CS was forced into a vehicle and taken by the defendants and others to an unoccupied house.  The CS was threatened and interrogated for approximately an hour, and then transported back to Angel Andres' residence for further interrogation.   He was permitted to leave after promising to return the next day with $500,000 as a partial payment for the cocaine.

A search of the residence after the arrest of the defendants revealed the presence of 2 loaded pistols in a bedroom where the Defendant and his brother slept  and several other guns in another bedroom.

(4) The Court finds that the Defendant has failed to rebut the presumption that he is a risk of flight and a danger to the community.  The Court also specifically finds that there are no conditions or combination of conditions which would reasonably assure Defendant's appearance as required and the safety of any other person and the community. 18 U.S.C. section 3142(e).

(5) Based upon the above findings of fact, which are supported by a preponderance of the evidence, this Court concludes that Defendant presents a risk of flight. By clear and convincing evidence, this Court finds that the Defendant poses a danger to the community.

Accordingly, the Court hereby, directs:

1. That the Defendant be detained without bond and be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel, and

3. That, on order of a court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** this **9th** day of February, 1998.

ROBERT L. DUBÉ
**UNITED STATES MAGISTRATE JUDGE**

cc:  Ann Taylor, AUSA
     Lawrence Stein. Esq.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 98-2136-BROWN

98 - 76 - cr - moore

UNITED STATES OF AMERICA,

    **Plaintiff,**

**vs.**

**ANGEL ANDRES,**

    **Defendant.**

_____/

FILED by _____

2-9-98

## DETENTION ORDER

Pursuant to 18 U.S.C. section 3142(f), a hearing was held on February 4, 1998 to determine whether the Defendant, Angel Andres, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required and the safety of any other person and the community. Therefore, it is ORDERED that Angel Andres be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. section 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

(1) The Defendant is charged with conspiracy to import cocaine and conspiracy to possess with intent to distribute cocaine. 18 U.S.C. section 3142(g)(1).

(2) Based upon these charges, there is a rebuttable presumption that the Defendant would pose a risk of flight and danger to the community if released.

(3) The weight of the evidence is substantial. The government proffered that the Defendant



was involved in a conspiracy to import and distribute 252 kilograms of cocaine. According to the government, the Defendant approached a confidential source and asked the CS to assist in the importation of 200 kilograms of cocaine into the United States. A future importation of 500 kilograms was also discussed. The CS and the Defendant had a series of telephone conversations concerning shipping schedules. The CS, the Defendant and co-defendant Oscar Andres met on December 2, 1997. Additional recorded phone conversations and meetings took place between the Defendant and the CS. A 252 kilogram shipment of cocaine was ultimately found on a ship which arrived at Port Everglades. This cocaine was seized. Following this seizure, the CS traveled to the Defendant's residence. During a meeting attended by the Defendant, co-defendants Oscar Andres and Omar Andres and four other individuals, the CS was accused of stealing the cocaine. All of the men pulled out weapons and pointed them at the CS. The CS was also searched for recording devices. The CS was forced into a vehicle and taken by the defendants and others to an unoccupied house. The CS was threatened and interrogated for approximately an hour, and then transported back to the Defendant's residence for further interrogation. He was permitted to leave after promising to return the next day with $500,000 as a partial payment for the cocaine.

A search of the residence after the arrest of the defendants revealed the presence of 2 loaded pistols in one of the bedrooms and several other guns in another bedroom.

(4) According to the pretrial services report and the government proffer, the Defendant has prior convictions for kidnaping and conspiracy to possess with intent to distribute marijuana.

(5) The Court finds that the Defendant has failed to rebut the presumption that he is a risk of flight and a danger to the community. The Court also specifically finds that there are no conditions or combination of conditions which would reasonably assure Defendant's appearance as

2

required and the safety of any other person and the community. 18 U.S.C. section 3142(e).

(6) Based upon the above findings of fact, which are supported by a preponderance of the evidence, this Court concludes that Defendant presents a risk of flight. By clear and convincing evidence, this Court finds that the Defendant poses a danger to the community.

Accordingly, the Court hereby directs:

1. That the Defendant be detained without bond and be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel, and

3. That, on order of a court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** this __9th__ day of February, 1998.

ROBERT L. DUBÉ
**UNITED STATES MAGISTRATE JUDGE**

cc:    Ann Taylor, AUSA
       Paul Korchin, AFPD

3

CJA 20 (Rev. 4/96)

# APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL

| 1. JURISDICTION | | 2. MAG. DOCKET NO. | 3. DIST. DOCKET NO. | VOUCHER NO. |
|---|---|---|---|---|
| 1 ☒ MAG.  2 ☐ DIST.  3 ☐ APPEALS  4 ☐ OTHER | | | | 100790 |

| 4. APPEALS DOCKET NO. | 5. FOR (DISTRICT/CIRCUIT) | 6. LOC. CODE | 7. CHARGE/OFFENSE (U.S. or other code citation) |
|---|---|---|---|

| 8. IN THE CASE OF | 9. PERSON REPRESENTED (FULL NAME) | 9A. NO. REPRES. |
|---|---|---|
| vs | | |

| 10. PERSON REPRESENTED (STATUS) | 11. PROCEEDINGS (Describe briefly) |
|---|---|
| 1 ☐ DEFENDANT—ADULT   3 ☐ APPELLANT   5 ☐ OTHER <br> 2 ☐ DEFENDANT—JUVENILE   4 ☐ APPELLEE | |

| 12. PAYMENT CATEGORY |
|---|
| A ☐ FELONY      C ☐ PETTY OFFENSE   E ☐ OTHER <br> B ☐ MISDEMEANOR  D ☐ APPEAL |

13. COURT ORDER
O ☐ Appointing Counsel     F ☐ Subs. for FD
C ☐ Co-Counsel             R ☐ Subs. for Retained Atty.
P ☐ Subs. for Panel Atty.

Name of prior panel attorney

Appt. Date _____  Voucher No. _____

Because the above-named "person represented" has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in item 14 is appointed to represent this person in this case.

► _____
Sig. of Presiding Judicial Officer or By Order of Court (Clerk/Deputy)

► _____     ► _____
Date of Order                Nunc Pro Tunc Date

| 14. FULL NAME OF ATTORNEY/PAYEE (First Name, M.I., Last Name, Including Suffix) AND MAILING ADDRESS |
|---|

| 15. WORK PHONE | 16A. Does the attorney have the preexisting agreement (see Instructions) with a corporation, including a professional corporation? ☐ Yes  ☐ No |
|---|---|

| 16B. SOCIAL SECURITY NO. (Only provide per instructions) | 16C. EMPLOYER I.D. NO. (Only provide per instructions) |
|---|---|

| 16D. NAME AND MAILING ADDRESS OF LAW FIRM (Only provide per instructions) |
|---|

## CLAIM FOR SERVICES OR EXPENSES

| | SERVICE | HOURS | DATES | |
|---|---|---|---|---|
| **17. IN COURT** | a. Arraignment and/or Plea | | | Multiply rate per hour times total hours to obtain "In Court" compensation. Enter total below. |
| | b. Bail and Detention Hearings | | | |
| | c. Motions Hearings | | | |
| | d. Trial | | | 17A. TOTAL IN COURT COMP. |
| | e. Sentence Hearings | | | |
| | f. Revocation Hearings | | | |
| | g. Appeals Court | | | |
| | h. Other (Specify on additional sheets) | | | $ |
| | (Rate per hour = ) TOTAL HOURS = | | | |
| **18. OUT OF COURT** | a. Interviews and conferences | | | Multiply rate per hour times total hours. Enter total "out of court" compensation time. |
| | b. Obtaining and reviewing records | | | |
| | c. Legal research and brief writing | | | |
| | d. Travel time (Specify on additional sheets) | | | 18A. TOTAL OUT OF COURT COMP. |
| | e. Investigative and other work (Specify on additional sheets) | | | |
| | (Rate per hour = ) TOTAL HOURS = | | | $ |
| **19. EXPENSES** | TRAVEL, LODGING, MEALS ETC. | AMOUNT | OTHER EXPENSES | AMOUNT | 19A. TOTAL TRAVEL EXP. $ |
| | | | | | 19B. TOTAL OTHER EXP. $ |
| | | | | | 20. GRAND TOTAL CLAIMED $ |

21. CERTIFICATION OF ATTORNEY/PAYEE FOR PERIOD _____ TO _____

F ☐ Final Payment  I ☐ Interim Payment No. ____  Has compensation and/or reimbursement for work in this case previously been applied for?  ☐ YES  ☐ NO
If yes, were you paid?  ☐ YES  ☐ NO  If yes, by whom were you paid? _____  How much? _____  Has the person represented paid any money to you, or to your knowledge to anyone else, in connection with the matter for which you were appointed to provide representation?  ☐ YES  ☐ NO
If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements ►

SIGNATURE OF ATTORNEY/PAYEE _____  DATE _____

| | 22. IN COURT COMP. | 23. OUT OF COURT COMP. | 24. TRAVEL EXPENSE | 25. OTHER EXPENSES | 26. TOTAL AMT. APPROVED/CERT. |
|---|---|---|---|---|---|
| **APPROVED FOR PAYMENT** | $ | $ | $ | $ | $ |
| | 27. SIGNATURE OF PRESIDING JUDICIAL OFFICER | | DATE | | 27A. JUDGE/MAG. CODE |
| | 28. SIGNATURE OF CHIEF JUDGE, CT. OF APPEALS (OR DELEGATE) | | DATE | | 29. TOTAL AMT. APPROVED $ |

COPY 4 - FILED IN COURT'S CASE FILE AFTER CLERK ENTERS APPOINTMENT DATA

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JUAN LOPEZ,

      Defendant.

**CASE NO. 98-2136-BROWN**

**DETENTION ORDER**

FILED by _____ D.C.
MAG. SEC.

FEB 1 0 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

      Pursuant to Title 18, U.S.C. section 3142(f), a hearing was held on February 9, 1998, to determine whether the Defendant, Juan Lopez, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Therefore, it is ORDERED that Juan Lopez be detained prior to trial and until the conclusion thereof.

      In accordance with the provisions of 18 U.S.C. section 3142(I)(1), this Court makes the following findings of fact and statement of reasons for the detention:

      (1)    The Defendant is charged with conspiracy to possess with the intent to distribute cocaine, possession of cocaine in violation of 21 U.S.C. sections 952(a), 963, 841(a)(1), and 846.

      (2) Based upon these charges, there is a rebuttable presumption that Defendant would pose

a risk of flight and danger to the community if released.

(3) The weight of the evidence is substantial. The government proffered that the Defendant was involved in a conspiracy to move substantial quantities of cocaine into Florida from South America. The Defendant was involved with other family members to import hundreds of kilograms of cocaine into the United States in cargo containers. The conspirators asked a Confidential Informant ("CI") for shipping schedules of ships coming into Miami. At one point, the CI was confronted by the conspirators and accused of stealing some cocaine. At this point, the conspirators drew weapons and pointed them at the CI. The CI was also searched for recording devices. During this confrontation, the CI received a prearranged call from an FBI agent. During the call, the CI gave the agent a duress code to signal him that he was in trouble. One of the conspirators stated that he knew he gave a code. The CI was then taken at gun point to another location where he was threatened with the weapons that the conspirators possessed. Once the conspirators learned that the other house they were in had not been raided, they returned. Finally, the CI admitted to having some of the conspirator's cocaine. He then promised to bring $500,000 the next day for what he had sold. The next day, the Defendant went to the co-conspirators house and was arrested.

(4) According to the pretrial services report, the Defendant was born in New Jersey in 1973 The Defendant has been a South Florida Resident for approximately 26 years. He has ties to this community including his common law wife, a daughter, parents and two brothers. He has two sisters living in New Jersey as well. The Defendant has no criminal history.

(5) The Court finds that the Defendant has failed to rebut the presumption that he is a danger to the community. The Court also specifically finds that there are no conditions or combination of conditions which would reasonably assure the safety of any other person and the community and that

2

the Defendant would probably continue in criminal activity if he were released. 18 U.S.C. section 3142(e).

(6) Based upon the above findings of fact, which are supported by clear and convincing evidence, this Court finds that the Defendant poses a danger to the community.

Accordingly, the Court hereby directs:

1. That the Defendant be detained without bond and be committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel, and

3. That, on order of a court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in chambers at Miami, Florida, this $\underline{10}$ day of February, 1998.

**PETER R. PALERMO**
**UNITED STATES MAGISTRATE JUDGE**

cc:   Ann Taylor, AUSA
      Jay Levine, Esq.

3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

OSCAR ANDRES,

      Defendant.

_____

**CASE NO. 98-2136-BROWN**

**DETENTION ORDER**

      Pursuant to Title 18, U.S.C. section 3142(f), a hearing was held on February 9, 1998, to determine whether the Defendant, Oscar Andres, should be detained prior to trial.  Having considered the factors enumerated in 18 U.S.C. section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  Therefore, it is ORDERED that Oscar Andres be detained prior to trial and until the conclusion thereof.

      In accordance with the provisions of 18 U.S.C. section 3142(I)(1), this Court makes the following findings of fact and statement of reasons for the detention:

      (1)    The Defendant is charged with conspiracy to possess with the intent to distribute cocaine, possession of cocaine  in violation of 21 U.S.C. sections 952(a), 963, 841(a)(1), and 846.

(2) Based upon these charges, there is a rebuttable presumption that Defendant would pose a risk of flight and danger to the community if released.

(3) The weight of the evidence is substantial. The government proffered that the Defendant was involved in a conspiracy to move substantial quantities of cocaine into Florida from South America. The Defendant was involved with other family members to import hundreds of kilograms of cocaine into the United States in cargo containers. The conspirators asked a Confidential Informant ("CI") for shipping schedules of ships coming into Miami. At one point, the CI was confronted by the conspirators and accused of stealing some cocaine. At this point, the conspirators drew weapons and pointed them at the CI. The CI was also searched for recording devices. During this confrontation, the CI received a prearranged call from an FBI agent. During the call, the CI gave the agent a duress code to signal him that he was in trouble. One of the conspirators stated that he knew he gave a code. The CI was then taken at gun point to another location where he was threatened with the weapons that the conspirators possessed. Once the conspirators learned that the other house they were in had not been raided, they returned. Finally, the CI admitted to having some of the conspirator's cocaine. He then promised to bring $500,000 the next day for what he had sold. The next day, the Defendant and other co-conspirators were arrested.

(4) According to the pretrial services report, the Defendant was born in Cuba in 1972. He entered this country in 1979 and became a permanent resident. The Defendant has been a South Florida Resident for approximately 19 years. He has ties to this community including his parents as well as several siblings. The Defendant has no criminal history to speak of.

(5) The Court finds that the Defendant has failed to rebut the presumption that he is a danger to the community. The Court also specifically finds that there are no conditions or combination of

conditions which would reasonably assure the safety of any other person and the community and that the Defendant would probably continue in criminal activity if he were released. 18 U.S.C. section 3142(e).

(6) Based upon the above findings of fact, which are supported by clear and convincing evidence, this Court finds that the Defendant poses a danger to the community.

Accordingly, the Court hereby directs:

1. That the Defendant be detained without bond and be committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel, and

3. That, on order of a court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in chambers at Miami, Florida, this ⁄⁄C· day of February, 1998.

**PETER R. PALERMO**
**UNITED STATES MAGISTRATE JUDGE**

cc:    Ann Taylor, AUSA
       Rafael Rodriguez, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX
FILED

FEB - 9 1998

CARLOS JUENKE

UNITED STATES OF AMERICA,  :      CASE NO. 98-2136-BROWN

         Plaintiff            :

vs.                           :

ANGEL ANDRES PELLEGRIN,       :     **DEFENDANT'S INVOCATION OF
                                    RIGHT TO SILENCE AND COUNSEL**

         Defendant.           :
_____/

The defendant named above does hereby invoke his rights to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to: matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures; or that may be relevant to sentencing, enhanced punishments, factors applicable under the U.S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction; appeals or other post-trial proceedings.

The defendant requests that the U.S. Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters relating to the defendant. Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.



**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 9

day of February, 1998 to the United States Attorney's Office, 99 Northeast 4th Street, Miami, Florida

33132.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: Paul M. Korchin

Paul M. Korchin
Assistant Federal Public Defender
Florida Bar No. 203971
150 West Flagler Street
Suite 1700
Miami, Florida 33130
(305) 530-7000 ext. 162
(305) 536-4559 (fax)

2

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 98-2136-BROWN)

UNITED STATES OF AMERICA

**ORDER ON INITIAL APPEARANCE**

~~Plaintiff,~~

~~Language~~  SPANISH

Tape No. 98E 5-198

v.

AUSA  ANN TAYLOR

RAFAEL GONZALEZ (J)58084-004
DOB 10/24/50

Agent  FBI/VINCE PANKOKE

787-6161

Defendant.

_____/

The above-named defendant having been arrested on ___2/6/98___ having appeared before
the court for initial appearance on ___2/9/98___
and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
**ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____
2. CJA CSL ROY KAHN, ESQ appointed as permanent counsel of record.
   Address: 799 BRICKELL PLAZA STE 606 MIAMI FL
   Zip Code: 33131 Telephone: 276-6087
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on
   _____, 1998.
4. Arraignment/Preliminary/~~Removal/Identity~~ hearing is set for 10am 2/13/98 , 1998.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f)
   because ___TEMPORARY PRETRIAL DETN___ 2PM
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for ~~10am~~ 2/10/98 , 1998.
6. The defendant shall be release from custody upon the posting of the following type of appearance
   bond, pursuant to 18 U.S.C. Section 3142:

   _____
   _____

   This bond shall contain the standard conditions of bond printed in the bond form of this Court
and, in addition, the defendant must comply with the special conditions checked below:

___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
   other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed
   substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____

\_\_\_I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
\_\_\_j. Comply with the following additional special conditions of this bond:

_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

    If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____

_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

    **DONE AND ORDERED** at <u>Miami, Florida</u>, this __9TH__ day of FEBRUARY

                                         **UNITED STATES MAGISTRATE JUDGE**
                                       **PETER R. PALERMO**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

UNITED STATES DISTRICT COURT
Southern District of Florida

UNITED STATES OF AMERICA )   Case Number: CR 98-2136-Brown
                  Plaintiff )
                           )   REPORT COMMENCING CRIMINAL
                           )            ACTION
                           )
GONZALEZ, RAFAEL           )        58084-004
              Defendant
*****************************************************************
TO: Clerk's Office   MIAMI   FT. LAUDERDALE   W. PALM BEACH
    U.S. District Court          (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
      MAGISTRATES COURT ABOVE
*****************************************************************
All items are to be completed.  Information not applicable or
unknown will be indicated "N/A".

(1)  Date and Time of Arrest: 2-6-98  11:00 am/pm

(2)  Language Spoken: Spanish Only

(3)  Offense (s) Charged: Conspiracy to Possess/Distribute
                          Cocaine

(4)  U.S. Citizen  [ ] Yes   [✔] No   [ ] Unknown

(5)  Date of Birth: 10-24-50

(6)  Type of Charging Document: (check one)
     [ ] Indictment  [✔] Complaint  To be filed/Already filed
     Case#

     [ ] Bench Warrant for Failure to Appear
     [ ] Probation Violation Warrant
     [ ] Parole Violation Warrant

     Originating District: SDF

     COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ]YES [ ]NO

Amount of Bond: $
Who set Bond:

(7)  Remarks:

(8)  Date: 2-6-98          (9) Arresting Officer: Vince Pankoke

(10) Agency: FBI           (11) Phone: 305/787-6161

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _98-2136 -_
_Brown_

UNITED STATES OF AMERICA,

vs.

_Juan Lopez_
_____

This cause came before the Court and pursuant to proceedings
held, it is thereupon

ORDERED AND ADJUDGED as follows: _Resetting Report_
_Re Counsel AND ARRAIGNMENT TO 2/18/98 before Duty_
_Magistrate Judge._

DONE AND ORDERED at Miami, Florida this ____9TH____ day of
____February____, 19__98__ .

TAPE NO: _98-4-150_

_____
UNITED STATES MAGISTRATE JUDGE

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal
formblan.kor

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: __98-2136-BROWN__

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

                                  **ORDER**

JUAN LOPEZ

        Defendant.

_____

    Pursuant to the Bail Reform Act, a detention hearing was held this date in accordance with 18 U.S.C. Section 3142(f). At the conclusion of the evidentiary hearing, the findings of fact and conclusions of law required by the Act were dictated into the record. It is thereupon

    **ORDERED AND ADJUDGED** as follows:

    1. The Defendant __NAMED ABOVE__ shall be detained pending trial in this case for the reasons stated on the record by the Court.

    2. A final Order of Detention memorializing the dictated findings and conclusions shall be entered forthwith.

    **DONE AND ORDERED** in Miami, Florida this ___9TH___ day of ___FEBRUARY___, 19 _98_ .

TAPE NO.98E-4-150

UNITED STATES MAGISTRATE JUDGE
PETER R. PALERMO

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: __98-2136-BROWN__

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                              **ORDER**

OSCAR ANDRES

        Defendant.

_____

    Pursuant to the Bail Reform Act, a detention hearing was held this date in accordance with 18 U.S.C. Section 3142(f). At the conclusion of the evidentiary hearing, the findings of fact and conclusions of law required by the Act were dictated into the record. It is thereupon

    **ORDERED AND ADJUDGED** as follows:

    1. The Defendant __NAMED ABOVE__ shall be detained pending trial in this case for the reasons stated on the record by the Court.

    2. A final Order of Detention memorializing the dictated findings and conclusions shall be entered forthwith.

    **DONE AND ORDERED** in Miami, Florida this ___9TH___ day of _____FEBRUARY_____, 19 _98_ .

TAPE NO.98E-4-150

UNITED STATES MAGISTRATE JUDGE
PETER R. PALERMO

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  98-2136-BROWN

UNITED STATES OF AMERICA,

Plaintiff

vs.                                        **ORDER**

ANGEL ANDRES

Defendant.



FILED by _____ D.C.
MAG. SEC.

FEB 0 4 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

_____

    Pursuant to the Bail Reform Act, a detention hearing was held

this date in accordance with 18 U.S.C. Section 3142(f).  At the

conclusion of the evidentiary hearing, the findings of fact and

conclusions of law required by the Act were dictated into the

record.  It is thereupon

    **ORDERED AND ADJUDGED** as follows:

    1.   The Defendant   NAMED ABOVE                 shall be

detained pending trial in this case for the reasons stated on the

record by the Court.

    2.   A final Order of Detention memorializing the dictated

findings and conclusions shall be entered forthwith.

    **DONE AND ORDERED** in Miami, Florida this    4TH        day of

          FEBRUARY          , 19 98  .

TAPE NO.98H-4-1870
          5-1

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal

UNITED STATES MAGISTRATE JUDGE
ROBERT L. DUBE'

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  98-2136-BROWN

UNITED STATES OF AMERICA,

Plaintiff

vs.

OMAR ANDRES

Defendant.



ORDER FILED by _____ D.C.
MAG. SEC.

FEB 0 4 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA  MIAMI

Pursuant to the Bail Reform Act, a detention hearing was held this date in accordance with 18 U.S.C. Section 3142(f).  At the conclusion of the evidentiary hearing, the findings of fact and conclusions of law required by the Act were dictated into the record.  It is thereupon

**ORDERED AND ADJUDGED** as follows:

1.   The Defendant ___NAMED ABOVE_____ shall be detained pending trial in this case for the reasons stated on the record by the Court.

2.   A final Order of Detention memorializing the dictated findings and conclusions shall be entered forthwith.

**DONE AND ORDERED** in Miami, Florida this ___4TH_____ day of _____FEBRUARY_____, 19 98 .

TAPE NO.98H- 4-1870
            S-1

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal

_____
UNITED STATES MAGISTRATE JUDGE
ROBERT L. DUBE'

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _98 - 3136 Brown_

UNITED STATES OF AMERICA,

v.

_Ivan Lope_

FILED by _____ D.C.

MAG. SEC.

FEB 0 4 1770

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**NOTICE OF TEMPORARY**
**APPEARANCE AS COUNSEL**

COMES NOW _____ _Jay L. Cevine_ _____ and

files this temporary appearance as counsel for the above named

defendant(s) at initial appearance. This appearance is made with

the **understanding** that the undersigned counsel will fulfill any

**obligations** imposed by the Court such as **preparing and filing**

**documents** necessary to collateralize any **personal surety bond** which

may be set.

Counsel's Name **(Printed)** _____ _Jay L. Cevine_ _____

Counsel's Signature _____ _Jay L. Cevine_ _____

Address _____ _3191 Coral Way #1010_ _____

ZIP CODE: _____

Telephone _(305) 447-9736_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98 - 2136 Brown

UNITED STATES OF AMERICA,

vs.

Oscar Andres +
Juan Lopez

FILED by _____ D.C.

FEB 0 4 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA  MIAMI

This cause came before the Court and pursuant to proceedings
held, it is thereupon

ORDERED AND ADJUDGED as follows: Resetting the
Pretrial Detention hearing to 2/9/98
at 10:00 am before the Duty Magistrate
Judge.

DONE AND ORDERED at Miami, Florida this ___4th___ day of
___February___, 19_98___.

TAPE NO: 98 H - 4 - 1870

UNITED STATES MAGISTRATE JUDGE
ROBERT L. DUBE'

c: AUSA- Ann Taylor
Defense Counsel
Pretrial Services
U.S. Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 98-2136-BROWN

UNITED STATES OF AMERICA

FILED by _____ D.C.
MAG. SEC.

vs.
JUAN LOPEZ

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

~~ORDER ON HEARING TO~~
**REPORT RE COUNSEL**

The above named defendant having appeared before the Court as
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

_____ Private counsel_____
appeared in open court and is noted as permanent
counsel of record.

_____ The defendant requested Court appointed counsel, was
found eligible, and counsel will be appointed by
separate order.

_____ The defendant requested Court appointed counsel but
was found ineligible, and shall appear before the
Court on _____
at 10:00 a.m. to report regarding his/her further
efforts to retain counsel, unless counsel notices a
permanent appearance before that date.

_____ The defendant requested further time to retain
counsel and shall appear before the Court on
_____ at 10:00 a.m. to report
regarding his/her further efforts to retain counsel,
unless counsel notices a permanent appearance before
that date.

**DONE AND ORDERED** at Miami, Florida this ___4TH___ day
of ___FEBRUARY___, 1998.

TAPE NO.98H-4-1870

_____
UNITED STATES MAGISTRATE JUDGE
ROBERT L. DUBE'

c: AUSA
   Defense Counsel
   Pretrial Services or Probation
   U.S. Marshal

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _98-2136-BROWN_

UNITED STATES OF AMERICA

      Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language _English_
Tape No. _98H - 3 - 1430_
AUSA _Ann Taylor_
Agent _FBI/VINCENT PANKOKE_
            _787-6161_

v.

JUAN LOPEZ (J)58055-004
        DOB 8/10/73

      Defendant.
_____/

    The above-named defendant having been arrested on _1/30/98_ _____ having appeared before the court for initial appearance on _2/2/98_ _____
and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
    **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____
2. _____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on
   _____, 1998.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_ _2 | 2_ _____, 1998.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f)
   because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_ _2 | 4_ _____, 1998.
6. The defendant shall be release from custody upon the posting of the following type of appearance
   bond, pursuant to 18 U.S.C. Section 3142:

_____
_____

    This bond shall contain the standard conditions of bond printed in the bond form of this Court
and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
   other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed
   substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____

\_\_I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

\_\_j. Comply with the following additional special conditions of this bond:

_____

This bond was set: At Arrest _____
               On Warrant _____
               After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____

_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Miami, Florida, this 2ND day of FEBRUARY 1998.

_____
UNITED STATES MAGISTRATE JUDGE
ROBERT L. DUBE'

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

1998 FEB -3 AM 8: 40

SOUTH...

FLORIDA
MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA    ]      CASE NUMBER: CR 98 - 2136
                  Plaintiff ]
        -vs-                ]      REPORT COMMENCING CRIMINAL Brew~
                            ]      ACTION
    JUAN LOPEZ              ]      58055·004
            Defendant              USMS Number

**************************************************************

TO: CLERK'S OFFICE  (MIAMI)   FT. LAUDERDALE   W. PALM BEACH
    U.S. DISTRICT COURT       (circle one)

NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES
       COURT ABOVE.

**************************************************************

COMPLETE ALL ITEMS.  INFORMATION NOT APPLICABLE ENTER N/A.

(1)  DATE AND TIME OF ARREST: 1/30/98 _____ AM X PM ____

(2)  LANGUAGE SPOKEN: ENGLISH / SPANISH

(3)  OFFENSE(S) CHARGED: CONSP. TO IMPORT & DISTRIB.
COCAINE

(4)  UNITED STATES CITIZEN:  ( X ) YES  ( ) NO  ( )  UNKNOWN

(5)  DATE OF BIRTH: 8-10-23

(6)  TYPE OF CHARGING DOCUMENT:  (check one)
     [ ] INDICTMENT     [ X ] COMPLAINT TO BE FILED/ALREADY FILED
         CASE # _____
     [ ] BENCH WARRANT FOR FAILURE TO APPEAR
     [ ] PROBATION VIOLATION WARRANT
     [ ] PAROLE VIOLATION WARRANT
     ORIGINATING DISTRICT: _____
     COPY OF WARRANT LEFT WITH BOOKING OFFICER [ ] YES  [ ] NO

AMOUNT OF BOND: $_____  WHO SET BOND? _____

(7)  REMARKS: _____

(8)  DATE: 1/30/98  ARRESTING OFFICER: SA VINCENT FANELLE

(10) AGENCY: FBI         (11) PHONE: (305) 787-6161

(12) COMMENTS: _____

## TEMPORARY BOND INFORMATION

DATE: _1/30/98_

MAGISTRATE: _STB_

AUSA: _Ann Taylor_

OFFENSE: _Conspi. Import & Possess_

98 - 2136
Brown

DEFENDANT _Juan Lopez_

CIRCUMSTANCES _Cuban - US - Citizen_

_charges serious —_

_____

_____

BOND RECOMMENDED: _PTD_

BOND SET: _OK_


DEFENDANT _____

CIRCUMSTANCES _____

_____

_____

_____

BOND RECOMMENDED: _____

BOND SET: _____


DEFENDANT _____

CIRCUMSTANCES _____

_____

_____

_____

BOND RECOMMENDED: _____

BOND SET: _____

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 98 - 2136 - STB

UNITED STATES OF AMERICA

**ORDER ON INITIAL APPEARANCE**

~~Plaintiff,~~

Language   ENGLISH

Tape No. 98D - 11 - 1867

v.

AUSA Ann Taylor

OSCAR ANDRES (J) 50618-004
          DOB 11/14/72

Agent    FBI                    949-9101

Defendant.

FILED by _____ D.C.
MAG. SEC.

JAN 3 0 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

_____/

The above-named defendant having been arrested on ___1/30/98___ having appeared before
the court for initial appearance on _____1/30/98_____
and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
    **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____
2. CJA - _____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on
   _____, 1998.
4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am   2/13 , 1998.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f)
   because   of Government's   request
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am   2/4 , 1998.
6. The defendant shall be release from custody upon the posting of the following type of appearance
   bond, pursuant to 18 U.S.C. Section 3142:

   _____
   _____

   This bond shall contain the standard conditions of bond printed in the bond form of this Court
and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ____time a week in person;
     other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed
     substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____

A. OSCAR

___I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____
_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____

_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>Miami, Florida</u>, this _30TH_, day of __JANUARY_____    1998.

_____
UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

koia.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 98 - 2136 - STB

UNITED STATES OF AMERICA

**ORDER ON INITIAL APPEARANCE**

Plaintiff,

Language  **ENGLISH**
Tape No.  98D - 11 - 1867

v.

AUSA  Fran Taylor

OSCAR ANDRES (J)50618-004
       DOB 11/14/72

Agent  **FBI**                           949-9104

Defendant.

FILED by _____ D.C.
MAG. SEC.

JAN 3 0 1998

CARLOS JUENKE
CLERK, U.S. DIST. CT.
S.D. OF FLA., MIAMI

_____/

The above-named defendant having been arrested on __1/30/98__ having appeared before
the court for initial appearance on _____1/30/98_____
and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
      **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____
2. CJA - _____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on
   _____, 1998.
4. Arraignment/Preliminary/Removal/Identity hearing is set for __10am__ 2/13_____, 1998.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f)
   because __of Government's request__
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for __10am__ 2/4__, 1998.
6. The defendant shall be release from custody upon the posting of the following type of appearance
   bond, pursuant to 18 U.S.C. Section 3142:

_____
_____

      This bond shall contain the standard conditions of bond printed in the bond form of this Court
and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
      other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed
      substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____

___I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____

_____

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d
303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled
promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the
conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and
revocation of release and to various civil and criminal sanctions for any violation of those
conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond
itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond
has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Miami, Florida, this 30TH day of JANUARY 1998.

_____

UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

koia.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO. 98-2136-STB

Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language   SPANISH

Tape No.   ~~GXD   11 - 1670~~

v.

AUSA   Ann Taylor

ANDRES ANDRES-PELEGRIN (J) 50619-004
DOB 12/20/45

Agent   FBI/ENRIQUE MERCADAL   FILED by _____ D.C.
MAG. SEC.

JAN 3 0 1998

Defendant.

CARLOS JUENKE
CLERK U.S. DIST. CT.

_____/

The above-named defendant having been arrested on _____ 1/30/98 _____ having appeared before
the court for initial appearance on _____ 1/30/98 _____
and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
**ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code:_____   Telephone: _____
2. AFPD (PAUL KOCHIN IV) appointed as permanent counsel of record.
   Address:_____
   Zip Code:_____   Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on
   _____
4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am   2|13 _____, 1998.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f)
   because   of Government's request
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am   2|4 _____, 1998.
6. The defendant shall be release from custody upon the posting of the following type of appearance
   bond, pursuant to 18 U.S.C. Section 3142:

_____
_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court
and, in addition, the defendant must comply with the special conditions checked below:
__a. Surrender all passports and travel document to the Pretrial Services Office.
__b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
    other: _____
__c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed
    substances prohibited by law.
__d. Maintain or actively seek full time gainful employment.
__e. Maintain or begin an educational program.
__f. Avoid all contact with victims of or witnesses to the crimes charged.
__g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
__h. Comply with the following curfew: _____

(8)

____I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
____j. Comply with the following additional special conditions of this bond:

_____

This bond was set: At Arrest _____

On Warrant _____

After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(I) is ____

_____

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>Miami, Florida</u>, this __30TH__ day of ___JANUARY___ ___1998.__

_____

UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

UNITED STATES DISTRICT COURT
Southern District of Florida

RECEIVED
1998 JAN 30  AM 11: 43
SOUTHERN DISTRICT OF
FLORIDA
MIAMI OFFICE

UNITED STATES OF AMERICA                )    Case Number: CR_____
                          Plaintiff     )
                                        )    REPORT COMMENCING CRIMINAL
          -vs-                          )           ACTION  98-2121
                                        )
(2)  ANDRES OSCAR                       )    5018-007
                          Defendant
*******************************************************************
TO: Clerk's Office     MIAMI     FT. LAUDERDALE     W. PALM BEACH
    U.S. District Court          (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
      MAGISTRATES COURT ABOVE
*******************************************************************
All items are to be completed.  Information not applicable or
unknown will be indicated "N/A".

(1)  Date and Time of Arrest: 1/30/98        6:45 am/pm

(2)  Language Spoken: ENGLISH

(3)  Offense (s) Charged: CONSPIRACY TO POSSESS + DISTRIBUTE _____
                         TR1 USC § 846

(4)  U.S. Citizen  [ ] Yes    [X] No   [ ] Unknown

(5)  Date of Birth: 11/14/72

(6)  Type of Charging Document:  (check one)
     [ ] Indictment   [X] Complaint  To be filed/Already filed
     Case#: _____

     [ ] Bench Warrant for Failure to Appear
     [ ] Probation Violation Warrant
     [ ] Parole Violation Warrant

     Originating District: ____ SDF ____

     COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ]YES [ ]NO

Amount of Bond: $_____
Who set Bond: _____

(7)  Remarks: _____
     _____

(8)  Date: 1/30/98      (9)  Arresting Officer: _____

(10) Agency: FBI                      (11) Phone: 305 949 9101    (7)

UNITED STATES DISTRICT COURT
Southern District of Florida

UNITED STATES OF AMERICA )   Case Number: CR 98-2126-BCoOH
                  Plaintiff )
                            )   REPORT COMMENCING CRIMINAL
                            )   ACTION
                            )
② ANDRES Omar Caldazilla )
                  Defendant            5061700$1

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
TO: Clerk's Office    MIAMI   FT. LAUDERDALE   W. PALM BEACH
    U.S. District Court      (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
      MAGISTRATES COURT ABOVE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
All items are to be completed.  Information not applicable or
unknown will be indicated "N/A".

(1)  Date and Time of Arrest: 1/30   6:45   (am)/pm

(2)  Langue Spoken: ENGLISH

(3)  Offense (s) Charged: Consp. PWID Cocaine

(4)  U.S. Citizen [✓] Yes   [ ] No  [ ] Unknown

(5)  Date of Birth: 11/14/72

(6)  Type of Charging Document:  (check one)
     [ ] Indictment  [ ] Complaint  To be filed/Already filed
     Case#: _____

     [ ] Bench Warrant for Failure to Appear
     [ ] Probation Violation Warrant
     [ ] Parole Violation Warrant

     Originating District: _____

     COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ]YES [ ]NO

Amount of Bond: $_____
Who set Bond: _____

(7)  Remarks: _____

(8)  Date:_____    (9)  Arresting Officer: _____

(10) Agency: FBI _____    (11) Phone: _____

(6)

# UNITED STATES DISTRICT COURT
*Southern District of Florida*

UNITED STATES OF AMERICA
Plaintiff

Case Number _98-2136 - Brown_

REPORT COMMENCING CRIMINAL
ACTION

_ANGEL ANDRES_ -vs-

(D) ANDRES-PELEGRIN ANDRES
Defendent

50619004
USMS NUMBER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO: Clerk's Office    MIAMI

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

All items are to be completed.  Information not applicable or unknown will be indicated "N/A".

(1)  Date and Time of Arrest:  1/30/98            N/A

(2)  Language Spoken:    SPANISH/ENG

(3)  Offense(s) Charged:    CONSPIRACY-COCAINE

(4)  U.S. Citizen  [ X ] Yes    [   ] No    [   ] Unknown

(5)  Date of Birth:  12/10/45

(6)  Type of Charging Document:  (check one)

[   ] Indictment    [ X ] Complaint to be filed/already filed

        Case #

[   ]  Bench Warrant for Failure to Appear

[   ]  Probation Violation Warrant

[   ]  Parole Violation Warrant

Originating District:  SD/FL

COPY OF WARRANT LEFT WITH BOOKING OFFICER  [   ] YES  [ X ] NO

Amount of Bond:

Who set Bond:    N/A

(7)  Remarks:    N/A

(8)  Date:  1/30/98        (9)  Arresting Officer:  ENRIQUE MERCADAL

(10)  Agency:  FBI        (11)  Phone:  N/A

(12)  Comments:  N/A

PER CALL TO CANDY THORNAL USM CELL BLOCK THE DEFT"S NAME IS "ANDRES ANDRES-PELEGRIN"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-2136-STB

UNITED STATES OF AMERICA,

vs.

Angel Andres
Omar Caldazilla Andres
and Oscar Andres

~~ED by~~ D.C.
MAG. SEC.

JAN 0 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA  MIAMI

    This cause came before the Court and pursuant to proceedings
held, it is thereupon

    **ORDERED AND ADJUDGED** as follows: The complaint
in this cause is hereby unsealed pursuant
to the arrest and initial appearance
of the above named defendants.

    **DONE AND ORDERED** at Miami, Florida this ___30th___ day of
___January___, 19_98_.

TAPE NO:98D-11-1967

_____
UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal
formblan.kor

AO 442 (Rev. 12/85) Warrant for Arrest

# United States District Court

**SOUTHERN** _____ **DISTRICT OF** _____ **FLORIDA**

UNITED STATES OF AMERICA

v.

ANGEL ANDRES, et. al.

## WARRANT FOR ARREST

CASE NUMBER: 98-2136-STB

TO: The United States Marshal
and any Authorized United States Officer

FILED BY _____ D.C.

MAG. SEC

JAN 3 0 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**YOU ARE HEREBY COMMANDED** to arrest _____ **RAFAEL GONZALEZ** _____
                                                                    Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

[ ] Indictment  [ ] Information  [X] Complaint  [ ] Order of court  [ ] Violation Notice  [ ] Probation Violation Petition

charging him or her with (brief description of offense) conspiracy to import cocaine and conspiracy to possess cocaine

in violation of Title __21__ United States Code, Section(s) __963, 952(a), 846, and 841(a)(1)__

_____ Stephen T. Brown                          _____ United States Magistrate Judge
Name of Issuing Officer                          Title of Issuing Officer

_____                 _____ Miami, Florida _____ 1/30/98
Signature of Issuing Officer                     Date and Location

Bail fixed at $ _____ PTD                         by _____
                                                     Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above named defendant at _____ | | |
| _____ | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

AO 442 (Rev. 12/85) Warrant for Arrest

## BOND RECOMMENDATION

DEFENDANT.                              Rafael Gonzalez

BOND RECOMMENDATION:        $ __Pretrial Detention_____

ANN TAYLOR
ASSISTANT U.S. ATTORNEY

AO 91 (Rev. 5/85) Criminal Complaint

# *United States District Court*

SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

v.

ANGEL ANDRES,
OMAR ANDRES,
OSCAR ANDRES,
RAFAEL GONZALEZ and
JUAN LOPEZ

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 98-2136-STB

*FILED by D.C.*
*MAG. SEC.*
*JAN 3 0 1998*
*CARLOS JUENKE*
*CLERK U.S. DIST. CT.*
*S.D. OF FLA. MIAMI*

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From on or about <u>November 24, 1997</u> until on or about <u>January 30, 1998</u>, in Dade county, in the Southern District of Florida the defendants did,

knowingly and intentionally combine, conspire, confederate and agree with each other, as well as persons both known and unknown to import a Schedule II controlled substance, that is a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), all in violation of Title 21, United States Code, Section 963; and did knowingly and intentionally combine, conspire, confederate and agree with each other, as well as persons both known and unknown to possess with intent to distribute a Schedule II controlled substance, that is a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

I further state that I am a Special Agent and that this complaint is based on the following facts:

See Attached Affidavit.

Signature of Complainant
**Enrique Mercadal, Special Agent**
**Federal Bureau of Investigation**

Sworn to before me, and subscribed in my presence,

<u>January 30, 1998</u>
Date

at <u>Miami, Florida</u>
City and State

<u>United States Magistrate Judge Stephen T. Brown</u>
Name and Title of Judicial Officer

Signature of Judicial Officer

**AFFIDAVIT**

I, Enrique Mercadal, Special Agent, Federal Bureau of Investigation (FBI), Miami, Florida, being duly sworn, depose and state the following:

1.    I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code, in that I am empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2.    I have been a Special Agent with the Federal Bureau of Investigation for approximately eleven years. I have been assigned to the Miami Field Division since June, 1989. I have specialized training and experience in narcotics smuggling and distribution investigations. I have participated in numerous narcotics investigations, debriefed or participated in debriefings of dozens of defendants, informants, and witnesses who had personal knowledge regarding major narcotics trafficking organizations, and have participated in all aspects of drug investigations including acting undercover, conducting surveillance, analyzing information obtained from court-ordered pen register and trap and trace intercepts, and analyzing telephone toll information obtained as a result of subpoenas issued by the FBI. I am familiar with narcotics traffickers' methods of operation including the distribution, storage, and transportation of narcotics, the collection of money which represents the proceeds of narcotics trafficking and money laundering. I have also been involved in numerous protracted wiretap investigations involving several drug trafficking organizations.

3.    I have personally participated in the investigation of the offenses referred to in this Affidavit. I am familiar with the facts and circumstances of this investigation from personal participation and from oral and written reports made to me by other Agents of the FBI and other federal, state and local law enforcement agencies (hereinafter the "agents").

4.     This affidavit is based on an investigation which originated in approximately November, 1997.   In the course of the investigation, I have discovered that the above-named individuals are members of a large scale cocaine importation enterprise.  This investigation utilized information from a confidential source, physical surveillance, and consensual recordings.

5.     On November 24, 1997, the CS informed agents of the FBI that he had been approached by Angel ANDRES. The CS explained that Angel ANDRES wanted the CS to assist in the importation of several loads of cocaine into the United States.  Specifically, Angel ANDRES had asked the CS to assist in the importation of a two hundred (200) kilogram shipment of cocaine into the United States from Venezuela.  Angel ANDRES had also discussed the future importation of an additional five hundred (500) kilograms of cocaine into the United States through Port Everglades.

6.     On December 1, 1997, at approximately 11:10 a.m., the CS placed a call to Angel ANDRES.  Angel ANDRES told the CS that he had ordered a container of bananas through RG Produce -- a Miami-based produce company which is owned and operated by Rafael GONZALEZ. Angel ANDRES explained that "Rafael" wanted them to do a test run.  The CS understood that "Rafael" was Rafael GONZALEZ. Angel ANDRES told the CS that he was going to stash the 200 in the roof of a refrigerated container.  The CS understood that Angel ANDRES was importing 200 kilograms of cocaine in the roof of a refrigerated container.

7.     On December 1, 1997, at approximately 3:00 p.m., the CS placed another call to Angel ANDRES.  The CS told Angel ANDRES that he was at the Port and that he was getting the schedules. Previously, Angel ANDRES had asked the CS to provide the shipping schedules of ships traveling from Venezuela to the United States, specifically from the Puerto Cabello and La Guira -- which are Ports in Venezuela.

8.     On December 1, 1997, at approximately 7:30 p.m., the CS spoke to Angel ANDRES.

The CS told Angel ANDRES that he had the shipping schedules and that the CS would give the schedules to Angel ANDRES the following morning.

9.      On December 2, 1997, at approximately 1:40 p.m., the CS spoke to Angel ANDRES. The CS told Angel ANDRES that he had the papers. The CS and Angel ANDRES arranged to meet. The above referenced conversation was recorded.

10.     On December 2, 1997, at approximately 2:15 p.m., the CS met with Angel ANDRES and Angel ANDRES' son -- Oscar ANDRES. The CS gave Angel ANDRES the shipping schedules for the Maersk vessels Santa Paula and Maersk Cabello -- ships that traveled from Venezuela to the United States. Portions of this meeting were recorded.

11.     On December 4, 1997, the CS called GONZALEZ. GONZALEZ told the CS that he had met with "Andy" -- who the CS understood to be Angel ANDRES -- to discuss the shipment. GONZALEZ explained that "it" would be concealed in plantains. This conversation was recorded.

12.     On December 8, 1997, the CS placed a call to (305) 389-6425 -- that target telephone -- and spoke to Angel ANDRES. Angel ANDRES told the CS that he needed a more detailed shipping schedule for ships traveling from Venezuela. The CS and Angel ANDRES agreed to meet the following day. This conversation was recorded.

13.     On December 9, 1997, the CS placed a call to (305) 389-6425 -- that target telephone -- and spoke to Angel ANDRES. The CS and Angel ANDRES agreed to meet. This conversation was recorded.

14.     On December 9, 1997, the CS met with Angel ANDRES and Oscar ANDRES. When the CS arrived at the meeting, Angel ANDRES was talking to an unidentified person (UP) and "Juancho." Angel ANDRES was overheard telling the UP that if it was not done by the 31st, he would not arrange anything else for him. Angel ANDRES also told the UP that he was meeting with

the "Olympic guy." Angel ANDRES told the UP that they -- Angel ANDRES and the "Olympic guy" -- were discussing "that." The CS understood that when Angel ANDRES referred to the "Olympic guy" he meant the CS. The CS further understood that when Angel ANDRES discussed "that" he was referring to the load of two hundred kilograms of cocaine that was pending. While Angel ANDRES spoke to the UP, the CS explained the shipping schedules to Oscar ANDRES. After Angel ANDRES concluded the telephone conversation with the UP, Angel ANDRES and the CS had a conversation about the shipping schedules. The CS reiterated what he had previously told Oscar ANDRES. Angel ANDRES told the CS that they were planning to do "that" between the 20th and the 26th and that they would use the Santa Paula. Angel ANDRES explained that there would be "200;" that it would be stashed in the container; and that they were going to use "oranges." Angel ANDRES told the CS that it was "guaranteed." The CS understood that Angel ANDRES would be importing two hundred kilograms of cocaine between the 20th and the 26th of December; that Angel ANDRES planned to use the vessel Santa Paula; and that the cover load would be oranges. This conversation was recorded.

15.    On December 10, 1997, the CS spoke to GONZALEZ. GONZALEZ told the CS that he would call the CS as soon as he received the information from "Andy" -- who the CS believed to be Angel ANDRES. The CS understood that the "information" referred to by GONZALEZ was the shipping information for the container containing the cocaine. This conversation was recorded.

16.    On December 11, 1997, the CS placed a call to (305) 389-6425 -- the target telephone -- and spoke to Angel ANDRES. Angel ANDRES told the CS that the upcoming one was the small one. Angel ANDRES further explained that the one at the end of the year would be the large one. The CS understood that Angel ANDRES was describing the two different shipments of cocaine -- the 200 kilogram shipment and the 500 kilogram shipment. This conversation was recorded.

17.    On December 22, 1996, at approximately 11:30 p.m., the CS spoke to Angel ANDRES. The CS and Angel ANDRES arranged to meet. This conversation was recorded.

18.    On December 22, 1997, at approximately 12:00 p.m., the CS had a conversation with GONZALEZ. GONZALEZ told the CS that he had spoken to the "old man" -- who the CS believed to be Angel ANDRES. GONZALEZ explained that the "old man" had to "suspend" the shipment. GONZALEZ further explained that "they" were having problems finding oranges. The CS told GONZALEZ that he was going to meet with the "old man." This conversation was recorded.

19.    On December 22, 1997, at approximately 3:00 p.m., the CS met with Angel ANDRES. Angel ANDRES told the CS that the product was going to be changed from oranges to bananas. Angel ANDRES further told the CS that the shipment was not confirmed for December 31st. Angel ANDRES explained it might be in January. A portion of this meeting was recorded.

20.    Shortly before Christmas, the CS had a pre-arranged meeting with Angel ANDRES. The CS traveled to 16585 SW Krome Avenue in Miami, Florida. The CS met with Angel ANDRES in the rear of the target residence -- in a patio area. The CS gave Angel ANDRES $8,000. The CS and Angel ANDRES had previously discussed that Angel ANDRES needed the cash to purchase the plantains, which were going to be used as the cover load for the shipment of cocaine. The CS observed Angel ANDRES hide the money in a portion of the canvas awning that covered the patio.

21.    On December 29, 1997, the CS spoke to Angel ANDRES. Angel ANDRES told the CS that he wanted the schedules for ports in Central America and Venezuela. Specifically, Angel ANDRES stated that he wanted the schedules for the ports in Guatemala and Panama. This conversation was recorded.

22.    On January 20, 1997, the CS informed me that he had spoken to GONZALEZ that day. The CS explained that GONZALEZ had told him that the load was coming from Venezuela;

that the cover load was plantains; and that it was scheduled to arrive at Port Everglades the following day.

23.    On January 21, 1997, the vessel Santa Paula arrived at Port Everglades.  Law enforcement officers learned that the vessel contained several containers of plantains.  One of the containers of plantains was consigned to RG Produce -- owned by Rafael Gonzalez.  A search of the container consigned to RG Produce revealed approximately two hundred and fifty two (252) kilograms of cocaine hidden in the roof of the container.  Law enforcement agents seized the cocaine.

24.    On January 23, 1997, the CS had a conversation with GONZALEZ.  GONZALEZ told the CS that they were going to get the container on Monday -- January 26, 1997.  This conversation was recorded.

25.    On January 26, 1997, the CS had a conversation with GONZALEZ.  GONZALEZ stated that he had just received the container.  GONZALEZ explained that he had to call the "old man" because the container had been torn apart.  The CS asked if there was something wrong with the plantains.  GONZALEZ told him that the plantains were fine -- that the front end of the container had been ripped out.  GONZALEZ told the CS that he had a big problem.  GONZALEZ told the CS that he would let him know what happened the following day. This conversation was recorded.

26.    On January 26, 1997, the CS received a call from Angel ANDRES.  The CS told Angel ANDRES that he had spoken to "Rafael" -- who the CS understood to be GONZALEZ -- and that "Rafael" was nervous because of the condition of the container.  Angel ANDRES explained that someone had searched the container.  Angel ANDRES told the CS that they needed to meet.  Angel ANDRES explained that he needed the CS to make an inquiry into what had happened.  Angel ANDRES told the CS the specifics of the ship's arrival.  Angel ANDRES explained that he believed that the problem had been in Venezuela.  The CS expressed concern over the loss.  Angel ANDRES

told the CS not to worry; that this was the cost of doing business; and that he had already told his associates. Angel ANDRES then told the CS that his interest was to bring in the "Olympic one" with the CS. The CS understood that the "Olympic one" was the pending five hundred kilogram (500) shipment of cocaine that Angel ANDRES had previously discussed with the CS. This conversation was recorded.

27.    On January 28, 1998, the CS spoke to Angel ANDRES. Angel ANDRES told the CS that they needed to meet to discuss the next one. The CS understood that Angel ANDRES wanted to discuss the next shipment of cocaine. Angel ANDRES had told the CS that the next shipment would contain 800 -- which the CS understood to be 800 kilograms of cocaine -- instead of 500 -- because they needed to recoup their loss. Angel ANDRES told the CS that the guys from down south were here. The CS understood that the persons referred to by Angel ANDRES were members of the drug organization. This conversation was recorded.

28.    On January 29, 1998, the CS spoke to Angel ANDRES. Angel ANDRES told the CS that they needed to meet. Angel ANDRES explained that he wanted to discuss the 800. Angel ANDRES and the CS arranged to meet at Angel ANDRES' residence. Angel ANDRES had previously told the CS that he (Angel ANDRES) resided at 16585 SW Krome Avenue, Miami, Florida.

29.    On January 29, 1998, at approximately 6:30, the CS traveled to Angel ANDRES' residence. The CS was met outside the residence by Angel ANDRES, Oscar ANDRES, Omar ANDRES (another son of Angel ANDRES), three unknown Colombian males, and one unknown Cuban male, later identified Juan LOPEZ. The CS was escorted to the rear of the target residence, where there was a patio area.

30.    The CS and the seven men began talking about the future importation of 800

kilograms of cocaine -- the importation that had previously been discussed between ANDRES and the CS. Almost immediately, Angel ANDRES and others accused the CS of stealing their cocaine. Simultaneous to the accusation, all of the men pulled out concealed weapons and pointed them at the CS. The CS recognized that the guns wielded by the Colombians were .45 caliber. In addition, the CS observed an assault rifle being handled by Omar ANDRES. Omar ANDRES searched the CS for recording devices and other items. The CS denied the accusations.

31.     At approximately 7:00 p.m., the CS received a previously arranged incoming call on his cellular telephone from an FBI agent. The CS answered the telephone. As soon as the CS answered the telephone, several of the men pointed the weapons that they were holding at the CS' head. The CS told the FBI agent that he would meet him in forty-five minutes -- a pre-arranged code that the CS was in trouble. The CS ended his call with the FBI agent. Omar ANDRES stated to the others that he knew that the conversation was a code.

32.     The CS was then forced into what he believed to be a Lexus Sport Utility vehicle -- later determined to be a Toyota LandCruiser -- a vehicle similar to that previously observed being used by Angel ANDRES. The CS was told to duck in the rear of the vehicle. Angel ANDRES, Omar ANDRES, Oscar ANDRES, and two Colombians were in the vehicle. Angel ANDRES, Omar ANDRES, Oscar ANDRES, the three unknown Colombians, and Juan LOPEZ were all present at the unoccupied house. Angel ANDRES told the CS that if the police stormed Angel ANDRES' residence that he would kill the CS. Angel ANDRES told the CS that he already had a rap for kidnaping and that killing the CS would not be a problem.

33.     The CS was held at the unoccupied house for approximately one hour. During this time, the CS was repeatedly threatened and interrogated regarding the shipment of cocaine. Approximately one hour later, the CS overheard that the police had not stormed Angel ANDRES'

house. At this point, the CS was transported back to the Angel ANDRES' house. Angel ANDRES, Omar ANDRES, Oscar ANDRES, and two Colombians were in the vehicle. Once again, the CS was taken to the patio area in the rear of the target residence. The CS was again interrogated regarding the shipment of cocaine. The CS was told by Angel ANDRES and the others that they knew that he had taken the cocaine and that if he continued to deny it, they would kill him. The CS continued to be held at gunpoint. The CS confessed. The CS told Angel ANDRES and the others that he had the load. The CS explained that he was given the cocaine by an associate and that he had not known that the cocaine belonged to Angel ANDRES and the others. The CS told Angel ANDRES and the others that he was in the process of selling the cocaine. Angel ANDRES told the CS that the Colombians were holding his wife and child hostage in a hotel and that the Colombians would not release them until they had their money/cocaine. One of the Colombians told the CS that they would release the CS but that they wanted the CS to deliver at least $500,000 the following day as partial payment for the cocaine. The CS told them that he was good for the money. The CS was then allowed to leave. The CS was observed leaving the area of the target residence at approximately 9:00 p.m.. The CS met with FBI agents and relayed the above information.

34.     Surveillance was established on the residence of Angel ANDRES, shortly before the CS was released. Surveillance was maintained throughout the late evening of January 29, 1998 and the early morning of January 30, 1998.

35.     On January 30, 1998, in the morning hours, the arrest of Angel ANDRES, Omar ANDRES, and Oscar ANDRES was effectuated. At that time, the agents secured the residence of Angel ANDRES.

36.     Between 9:00 a.m. and 10:00 a.m., Juan LOPEZ was observed wandering around the front of Angel ANDRES' property. Agents inquired why LOPEZ was on the property. LOPEZ said

that he was a friend of Angel ANDRES.  LOPEZ then informed the agents that he had a weapon on

him.  The agents recovered a Glock pistol.  LOPEZ was questioned by agents.  LOPEZ informed

agents about a conversation that had occurred the previous evening.  Agents knew from information

provided by the CS, that the conversation related by LOPEZ occurred while the CS was being

threatened and held against his will.  At this point, LOPEZ was placed in custody and advised of his

rights pursuant to Miranda.

ENRIQUE MERCADAL
FEDERAL BUREAU OF INVESTIGATION

Subscribed to and sworn
before me this 30th day of January, 1998.

Time: 1:45 pm

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA )     CASE NO: 98-2136-578
           Plaintiff,        )
vs.                          )
                             )
ANGEL ANDRES,                )
OMAR ANDRES,                 )
OSCAR ANDRES,                )
RAFAEL GONZALEZ, and         )
JUAN LOPEZ                   )      **MOTION TO SEAL**
                             )
           Defendants.       )
_____)

Now comes the United States of America, by and through its undersigned attorneys, and

respectfully requests that the attached complaint and arrest warrant be SEALED until further order

of this Court, for the reason that the named defendants may flee and the integrity of the ongoing

investigation might be compromised.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By:  _____

ANN TAYLOR
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 006302
99 N.E. 4th Street, #700
Miami, FL 33132
(305) 961-9279

SO ORDERED

_____
United States Magistrate Judge Brown