UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 98-0076-CR-MOORE

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

OSCAR ANDRES,

        Defendant.
_____/

## DEFENDANT, OSCAR ANDRES' MOTION FOR NEW TRIAL AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW** the Defendant, **OSCAR ANDRES**, by and through undersigned counsel and respectfully moves this Honorable Court, pursuant to Rule 33 of the Federal Rules of Criminal Procedure for the entry of an Order granting the Defendant a new trial in the above-referenced cause and as grounds therefor would show as follows:

1.  On Monday, August 3, 1998, the Defendant, **OSCAR ANDRES**, after a two week trial, was convicted of conspiracy to import cocaine, conspiracy to possess with intent to distribute cocaine and use or possession of a firearm during and in relation to a drug trafficking offense as charged in Counts I, II and III of the Superseding Indictment.

2.  The evidence presented by the Government as concerns the Defendant **OSCAR ANDRES** consisted primarily, if not exclusively of the testimony of two cooperating witnesses, **Reinaldo Bermudez** and **Rafael Gonzalez**, as well as certain documents seized from the Defendant's wallet and his limited participation

in and certain innocuous comments obtained during secretly recorded conversations between the confidential informant, **Reinaldo Bermudez** and the Defendant's father, **ANGEL ANDRES**.

3.     The Defendant, **OSCAR ANDRES** would submit that certain actions and arguments of the prosecution, as well as specific rulings, orders and actions of this Court deprived the Defendant of his right to receive a fair and impartial trial and mandate the granting of a new trial in accordance with the provisions of Rule 33 of the Federal Rules of Criminal Procedure and applicable authority.

4.     Specifically, this Court's denial of the Defendant, **OSCAR ANDRES'** Motion for Severance of Defendants and separate trials, this Court's restriction and limitation of counsel's cross-examination of Government witness, **Rafael Gonzalez**, this Court's arbitrary limitation of counsel's closing argument time and this Court's denial of several Motions for Mistrial precipitated by the Government's closing argument, both individually and collectively, denied the Defendant a fair and impartial trial and mandate the granting of appropriate relief by this Court.

A.     **Severance of Defendants and Separate Trials**

Prior to trial, the Defendant, **OSCAR ANDRES** filed a Motion for Severance of Defendants and Separate Trials with a Memorandum of Law in Support thereof, asserting and/or articulating the following grounds: 1) antagonistic defenses; 2) prejudicial spill-over and 3) Bruton violation- the admission of a confession/statement by a non-testifying Defendant which directly and/or indirectly inculpates the Defendant **OSCAR ANDRES**.

The Defendant's Motion for Severance was denied pre-trial by this Court and on all occasions when renewed and/or reasserted during the course of trial.

The Defendant, **OSCAR ANDRES**, while renewing all previously raised grounds, would specifically submit, that as to the Bruton issue, the Government's redaction was not appropriate or legally permissible.

Unquestionably, the mere substitution of the word "others" for the Defendant, **OSCAR ANDRES**, taken in conjunction with the other evidence presented at trial, failed to cure the inherent prejudice caused by the admission and jury's consideration of the post-arrest statements of both **JUAN LOPEZ** and the Defendant's father, **ANGEL ANDRES**, which directly implicated the Defendant, **OSCAR ANDRES**. Bruton v. United States, 391 US 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); Gray v. Maryland, 118 S.Ct. 1151 (March 9, 1998)

In Gray v. Maryland, supra, the United States Supreme Court specifically held that a redaction which merely deletes the Defendant's name and replaces it with a pronoun, easily identifiable and recognizable when taken in conjunction with other evidence and testimony, is legally insufficient and an inappropriate basis to avoid the required severance.

In United States v. Petit, 841 F.2d 1546 (11th Cir.1988), the Eleventh Circuit Court of Appeals held that a non-testifying Defendant's statement that he had asked a "friend" to store stolen goods, when coupled with other testimony implicated the appellant, Petit and violated Bruton v. United States, supra.

Finally, in United States v. Beale, 921 F.2d 1412 (11th Cir.1991), the Eleventh Circuit Court of Appeals again reversed a Defendant's conviction based upon a specific Bruton violation.

In United States v. Beale, supra, the Government presented the testimony of co-conspirator, Stevens, who was testifying for the Government pursuant to the execution of a cooperation/plea agreement and who testified that Gilbert committed certain armored truck robberies as part of the conspiracy and operated under the alias "Bee".

The Government also introduced co-defendant, Robert's post-arrest statement that he knew Gilbert by the street name of "Bee" and that he had seen Gilbert around town.

One of Gilbert's defenses, was that he was not "Bee" and Gilbert moved for severance on the grounds that co-defendant, Robert's statement violated Bruton.

The District Court denied Gilbert's severance Motion and Gilbert a/k/a "Beale" was subsequently convicted by a jury and appealed the District Court's denial of his severance Motion to the Eleventh Circuit Court of Appeals.

Relying upon Bruton v. United States, supra, as well as its prior decision in United States v. Petit, supra, the Eleventh Circuit Court of Appeals reversed the Defendant, Beale a/k/a Gilbert's conviction and sentence and specifically found that the co-defendant, Robert's statement, that he knew Gilbert a/k/a Beale as "Bee" strongly bolstered the Government's contention that Gilbert was a member of the conspiracy, to the extent that the District Court's denial of the Defendant's Motion

4

for Severance of Defendants was reversible, not harmless error.

In reaching this decision and rejecting the Government's contention that the error was harmless, the Eleventh Circuit emphasized <u>Steven's</u> questionable credibility, which is virtually identical to the situation presented in the case at bar.

Specifically, **Bermudez's** and **Gonzalez's** credibility were seriously challenged and damaged by defense counsel during cross-examination, to the extent that the improperly redacted post-arrest statements of **LOPEZ** and **ANGEL ANDRES**, bolstered the Government's contention that the Defendant, **OSCAR ANDRES** was a member of this narcotics conspiracy and as such, are directly violative of <u>Bruton v. United States</u> and its progeny cited herein.

Further and more importantly, as clearly set forth in the Defendant's pre-trial Motion for Severance and as renewed by the Defendant during the course of trial, the prejudice to the Defendant, **OSCAR ANDRES** by virtue of the admission of the post-arrest statements of **JUAN LOPEZ** and **ANGEL ANDRES**, even in their redacted form is compelling and overwhelming, as the statements of both **JUAN LOPEZ** and **ANGEL ANDRES** corroborate the testimony of the Government's main witnesses and the Defendant, **OSCAR ANDRES'** primary accusers, **REINALDO BERMUDEZ and RAFAEL GONZALEZ**.

This effort by the Government to improperly bolster the challenged testimony of **BERMUDEZ** and **GONZALEZ**, particularly in light of their questionable credibility is further compounded by the Government's efforts to also utilize the post-arrest statements of **JUAN LOPEZ** and **ANGEL ANDRES** to confirm and

corroborate the commission and occurrence of the charged criminal conduct, which the Defendant, **OSCAR ANDRES** denied from the outset.

In addition to the authority cited above condemning these efforts by the Government, the Defendant, **OSCAR ANDRES** would direct this Court's attention to the recent Eleventh Circuit Court of Appeals decision in United States v. Foree, 43 F.3d 1572 (11th Cir.1995), where again, the Eleventh Circuit Court of Appeals found a Bruton violation where the Government utilized a non-testifying co-defendant's post-arrest statement to confirm and corroborate the commission and occurrence of the charged criminal conduct and narcotics conspiracy.

Although the Eleventh Circuit in United States v. Foree, supra found the error to be harmless, it did so based upon the overwhelming evidence of the Defendant, Foree's guilt, which is not the situation in the case at bar.

Finally, in addition to the foregoing, it is evident, that the spill-over effect of being jointly tried with the non-testifying co-defendants, **ANGEL ANDRES** and **JUAN LOPEZ**, caused the Defendant, **OSCAR ANDRES** to suffer and sustain compelling prejudice, to the extent that he was denied his right to a fair and impartial trial.

Unquestionably, the disparity in evidence and differing levels of culpability, as concerns the Defendant, **OSCAR ANDRES** and co-defendants, **JUAN LOPEZ** and **ANGEL ANDRES**, clearly forms a sufficient basis for severance of Defendants and the required prejudice if severance is denied, in accordance with recent authority from the United States Supreme Court. Zafiro v. United States, 506 US

534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)

While limiting and/or cautionary instructions may be sufficient in some circumstances to minimize and/or eliminate prejudice and preclude severance, the Defendant, **OSCAR ANDRES** would submit that the cautionary instructions in this case were legally insufficient and even if sufficient, were virtually ignored by the Government in closing argument (See Section B below) to the extent that the Defendant suffered compelling prejudice which mandated a severance of Defendants and separate trials.

> **B. Government's improper closing argument which caused and/or allowed the jury to consider the post arrest statements of JUAN LOPEZ and ANGEL ANDRES as substantive evidence against the Defendant, OSCAR ANDRES.**

During its closing argument, the Government utilized and presented to the jury for its consideration, a hand-written chart which attempted to compare the trial testimony of the confidential informant, **REINALDO BERMUDEZ** to the facts contained in the post-arrest statements of **JUAN LOPEZ** and **ANGEL ANDRES**.

In reliance upon this chart, the Government attempted to corroborate and confirm the existence and occurrence of the charged criminal conduct ie., the shipment of cocaine and kidnapping of **BERMUDEZ** and particularly the involvement of the Defendant, **OSCAR ANDRES** therein.

7

This improper argument concerning the post-arrest statements of **JUAN LOPEZ** and **ANGEL ANDRES**, taken in conjunction with the legally impermissible redaction as discussed above (See Section A), mandates the conclusion that a <u>Bruton</u> violation occurred, that **OSCAR ANDRES** suffered compelling prejudice as a result and was effectively denied a fair and impartial trial as a result of the Government's actions in this regard. <u>United States v. Chirinos</u>, 112 F.3rd 1089 (11th Cir.1997)

In <u>United States v. Chirinos</u>, <u>supra</u>, the prosecutor, in closing argument asked the jury to recall the post-arrest statements of two non-testifying Defendants, as well as the trial testimony of the cooperating Government witness, Enrique Vargas concerning the events that transpired during the charged conspiracy.

In rejecting the Defendant, Chirino's contention that the prosecutor argued to the jury that the jury could consider these post-arrest statements as direct evidence of the Defendant, <u>Chirinos'</u> guilt, the Eleventh Circuit held/found that the prosecutor in his closing argument merely pointed out that Vargas' testimony corroborated Martinez and Santestiban's post-arrest statements.

As this Court is acutely aware, the situation presented in the instant case, is directly contrary to what occurred and what was upheld by the Eleventh Circuit in <u>United States v. Chirinos</u>, <u>supra</u>.

8

In the case at bar, the Government directly violated this Court's cautionary instruction and utilized the post-arrest statements of **JUAN LOPEZ** and **ANGEL ANDRES** in an effort to corroborate **Reinaldo Bermudez's** trial testimony and confirm the existence and occurrence of the charged criminal conduct, which, the Eleventh Circuit Court of Appeals held in <u>United States v. Chirino</u>, <u>supra</u>, to be improper, as it would contravene and violate the Supreme Court's holding in <u>Richardson v. Marsh</u>, 481 US 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987).

Accordingly, notwithstanding this Court's prior limiting instruction, the Government improperly utilized the post-arrest statements of **JUAN LOPEZ** and **ANGEL ANDRES** as substantive and direct evidence of the Defendant, **OSCAR ANDRES'** guilt and taken in conjunction with the improper redaction discussed above, violated the holding of the United States Supreme Court in <u>Richardson v. Marsh</u>, <u>supra</u> and <u>Gray v. Maryland</u>, <u>supra</u> and mandates the granting of a Motion for New Trial in the above-referenced cause.

    **C.**    **Trial court's denial of Defendant's Motions for Mistrial during the Government's case in chief and closing argument constitute reversible error.**

During the presentation of the Government's case in chief and to the best of counsel's recollection during Special Agent Enrique Mercodal's trial testimony, the Government was allowed to elicit over defense objection, that **ANGEL ANDRES'** fourth son, **RAFAEL ANDRES** was a fugitive from justice and had recently been sent to prison or was presently incarcerated for unspecified criminal offenses.

9

Additionally, during the Government's closing argument, defense counsel raised and this Court denied Motions for Mistrial, precipitated by the Government's argument that the evidence was "undisputed" and that the Government had improperly utilized the post-arrest statements of the non-testifying co-defendants, **ANGEL ANDRES** and **JUAN LOPEZ** against the Defendant, **OSCAR ANDRES**, as discussed above.

Initially, in addressing this respective misconduct, it is evident that the Government's introduction of evidence to establish that **ANGEL ANDRES'** fourth son, **RAFAEL ANDRES** was a fugitive from justice, had been recently sent to prison and was presently incarcerated for certain serious felony convictions, was totally improper, highly prejudicial and totally irrelevant to any of the issues involved in the subject proceedings.

The evidence in question constituted nothing more than improper character evidence, designed to somehow establish the criminal propensity of the Defendant, **OSCAR ANDRES,** solely by virtue of his blood/familial relationship with a convicted felon and fugitive from justice.

Unquestionably, the prosecution's action and conduct in improperly characterizing the Defendant in this vain, merely by virtue of this familial relationship with **RAFAEL ANDRES**, is legally impermissible, is clearly calculated to produce a wrongful conviction and is so highly prejudicial as to compel the granting of a new trial and a reversal of the Defendant's conviction. United States v. Blakey, 14 F.3d 1557 (11th Cir.1994)

Further, the prosecutorial misconduct, inherent in the prosecution's closing argument prejudicially affected the substantial rights of the Defendant, **OSCAR ANDRES** to the extent a new trial is warranted and mandated in the instant cause. United States v. Gonzalez, 122 F.3d 1383 (11th Cir.1997); United States v. Wilson, 1998WL 471531 (11th Cir.1998)

Initially, it is evident that the prosecution's statement in closing argument that the evidence was "undisputed" constituted an impermissible comment on the Defendant, **OSCAR ANDRES'** decision not to testify or present a defense, and mandates an Order from this Court granting a new trial in accordance with applicable authority. United States v. Carrodeguas, 747 F.2d 1390 (11th Cir.1984); United States v. Cotnam, 88 F.3d 487 (7th Cir.1996)

In making this determination, the Court must inquire whether the statement "was manifestly intended or was of such character" that the jury would necessarily construe it as a comment on the failure of the accused to testify. United States v. Carrodeguas, supra at 1395

Since the Government failed to proffer to this Court any legitimate basis or alternative explanation other than the inescapable conclusion that this comment highlighted the Defendant's failure to testify, this Court is left with no alternative but to accept the obvious and grant the Defendant, **OSCAR ANDRES** a new trial in accordance with the authority cited above.

11

### D. Limitations on defense counsel's cross-examination of Rafael Gonzalez.

In the midst of defense counsel's cross-examination of former co-defendant and now Government witness, **RAFAEL GONZALEZ**, this Court impermissibly limited, curtailed and halted defense counsel's cross-examination over timely and proper defense objection.

While recognizing that this Court has "the discretionary authority to limit cross-examination" United States v. Machado, 804 F.2d 1534 (11th Cir.1986) and this issue is governed under an abuse of discretion standard, the Defendant, **OSCAR ANDRES** would nevertheless submit that this Court abused its discretion in not only limiting and restricting, but stopping counsel's cross-examination, where counsel proffered additional areas not yet covered and questioning in these relevant areas of inquiry had not become cumulative or repetitious.

The Defendant, **OSCAR ANDRES** would submit that the Court's actions denied the Defendant his Sixth Amendment right of confrontation under Davis v. Alaska, 415 US 308, 94 S.Ct. 1105 39 L.Ed.2d 347 (1974) and its progeny and require the granting of the Defendant's Motion for New Trial.

### E. Improper limitation of defense counsel's closing argument time.

Prior to the conclusion and reception of evidence and testimony, this Court arbitrarily allotted defense counsel fifteen minutes each for closing argument.

When counsel objected and advised that there had been approximately seven days of testimony, more than 180 Government exhibits, dozens of tape recorded conversations and three separate and distinct charges to address, this Court merely reaffirmed its prior allotment of time and stated that it did not find the issues so complex or extraordinary to warrant more than fifteen minutes of closing argument time for each defense counsel.

While recognizing that "the District Court's decision as to the amount of time permitted for a closing argument is reviewable under an abuse of discretion standard", United States v. Roe, 670 F.2d 956 (11th Cir.1982), the Defendant, **OSCAR ANDRES** would submit that fifteen minutes for closing argument was entirely insufficient, impermissible and an abuse of discretion by this Court.

In researching this issue, counsel has been unable to locate a single case from the Eleventh Circuit Court of Appeals, where the appellate court affirmed a trial court's restriction and/or limitation on counsel's closing argument to fifteen minutes, even under this abuse of discretion standard. United States v. Roe, supra; United States v. Alonso, 740 F.2d 862 (11th Cir.1984); United States v. Carter, 760 F.2d 1568 (11th Cir.1985)

In United States v. Roe, supra counsel was granted, pursuant to his own request, thirty minutes for closing argument and was granted an additional five to ten minutes by the District Court, which the Eleventh Circuit Court of Appeals found not to be an abuse of discretion.

In <u>United States v. Alonso</u>, <u>supra</u> the District Court allotted six hours and thirty minutes for defense closing argument, with the complaining Defendant, <u>Beringer</u> receiving an hour and twenty minutes, which the Eleventh Circuit found was only ten minutes less than his second request, in affirming the District Court under the abuse of discretion standard.

Finally, in <u>United States v. Carter</u>, <u>supra</u>, the Eleventh Circuit affirmed the District Court under the abuse of discretion standard, where the defense was granted/allowed three hours for closing argument and the attorneys agreed amongst themselves to divide this time as they saw fit.

Even under the aforementioned abuse of discretion standard and the authority cited and discussed herein, this Court's arbitrary assessment and/or allotment of fifteen minutes for defense counsel's closing argument was legally and factually impermissible, totally inappropriate in light of the issues, testimony and exhibits needed to be discussed and addressed by each respective counsel and sufficient to warrant and compel a new trial in accordance therewith.

The Defendant, **OSCAR ANDRES**, would submit that each of the errors, actions and rulings by this Court as set forth above and those additional matters raised and ruled upon by this Court during the course of trial and re-affirmed herein, individually and collectively, are sufficient to establish and demonstrate that the Defendant, **OSCAR ANDRES** did not receive a fair and impartial trial and is entitled to the granting of a new trial in accordance with the authority cited herein.

**WHEREFORE** and by reason of the foregoing, the Defendant, **OSCAR ANDRES** respectfully requests that this Honorable Court grant the within Motion and enter its Order granting the Defendant, **OSCAR ANDRES** a new trial in the above-referenced proceedings based upon the reasons, grounds and arguments advanced herein.

RESPECTFULLY SUBMITTED,

**LAW OFFICE OF HOWARD SOHN**
Attorney for Defendant, **OSCAR ANDRES**
3191 Coral Way, Suite 1010
Miami, Florida 33145
(305) 442-1020

By: _____
        HOWARD SOHN

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to: **Ann Taylor, AUSA, Office of the U.S. Attorney**, 99 N.E. 4 Street, Miami, Florida 33132; **Jay Levine, Esq.**, 3191 Coral Way, Suite 1010, Miami, Florida 33145; **Michael Tarkoff, Esq.**, 100 S.E. 2nd Street, Suite 3500, Miami, Florida 33131 on this ___ day of **SEPTEMBER**, 1998.

By: _____
        HOWARD SOHN