UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-76-CR-COHN

UNITED STATES OF AMERICA

v.

OSCAR ANDRES,

    Defendant.
_____/

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 60(b)

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds in opposition to the defendant's Motion Pursuant to Federal Rule 60(b) Based on *Gonzalez v. Crosby*, 545 US. 524 (2005) and *United States v. Booker*, 543 U.S. 220 (2005) (hereinafter referred to as "Motion Pursuant to Federal Rule of Procedure 60 (b)").  It is the government's position that the defendant's motion should be construed as a second or successive motion for relief under § 2255, which required him to obtain authorization from the Eleventh Circuit Court of Appeals before making such a filing.  Additionally, the defendant's motion is also an impermissible attempt to advance, in a second collateral proceeding, *Booker* claims. *See, e.g., In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (successive petition advancing *Booker* grounds procedurally barred).  Moreover, the defendant's alleged grounds of error in the computation of his sentence by this Court are non-constitutional claims simply not cognizable on collateral review. And, even if accepted as true, they do not implicate any extraordinary circumstances making them

susceptible to §2255 jurisdiction. *United States v. Burke*, 152 F.3d 1329, 1331-32 (11th Cir. 1998). In any event, the defendant's claims conclusively lack merit.

## I. Procedural History

1. On August 3, 1998, a jury returned a verdict of guilty against the defendant as to Count 1 (conspiracy to import cocaine), Count 2 (conspiracy to possess with intent to distribute cocaine) and Count 3 (using or carrying a firearm during and in relation to a drug trafficking crime).

2. On October 20, 1998, the Court sentenced the defendant to life imprisonment.

3. On October 28, 1998, the defendant filed his notice of appeal. In his appeal, the defendant raised, among other issues, his contention that the district court erred in imposing a two-level sentencing enhancement for use of a dangerous weapon and a four-level enhancement for being an organizer or leader in his criminal organization. [1]

4. On May 19, 2001, the Eleventh Circuit Court of Appeals issued a mandate denying the defendant's appeal and confirming his life sentence.

5. On June 5, 2002, the United States Supreme Court denied the defendant's writ of certiorari.

6. On May 29, 2003, the defendant filed a motion to vacate pursuant to 28 U.S. §2255 (DE: 241), which commenced civil case 03-21484-CIV-MOORE. In his §2255 motion, the defendant claimed that his counsel was ineffective for (a) failing to challenge, both on the district court and appellate levels, his conviction and sentence in light of the fact the

---

[1] The defendant also alleged that the court erred in limiting his closing argument to 15 minutes, the prosecutor committed prosecutorial misconduct in his closing argument, the court abused its discretion in its evidentiary rulings, and the court erred in denying his motion to suppress. (Initial Brief of Appellants Juan Lopez, Oscar Andres and Angel Andres, a/k/a Andre Andres, p. iv-v, United States Court of Appeals for the Eleventh Circuit).

   indictment did not allege drug quantity and the drug quantity determination was not submitted to the jury pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), (b) failing to request that the court make factual determinations regarding his sentencing enhancements for use of a dangerous weapon and physical restraint of a victim, and for (c) failing to object to the prosecutor's allegedly improper statements during closing argument (Pet. Brief in Supp. of Mot. to Vacate at 6-8,12-13, 18, 20).

7. On June 5, 2003, in 03-21484-CIV-MOORE, Magistrate Judge White issued a report and recommendation recommending that the defendant's §2255 motion be denied. The defendant subsequently filed objections to the Report and Recommendations on June 26, 2003. Specifically, the court found that because Apprendi had not been decided when the defendant's judgment became final and because Apprendi is not retroactive to cases on collateral review, his Apprendi claims were not meritorious. The Court also determined that because the defendant's claims regarding his role enhancement and alleged improper closing argument were dismissed on appeal, such issues could not be revisited in his §2255 petition. The defendant filed objections to the Report and Recommendations on June 26, 2003.

8. On November 14, 2003, the District Court adopted the Magistrate's Report and Recommendations.

9. On July 15, 2004, the defendant filed a Motion for Modification of Sentence based on Blakely v. Washington, 124 S.Ct. 2531 (2004). In his motion he raised the same claims alleged in his §2255 petition, as discussed in paragraph 6, above.

10. On August 5, 2004, the defendant filed a Motion to Supplement Objections to Magistrate White's Report and Recommendation in Light of New Law in 03-214-84-CIV-MOORE.

3

11. On August 10, 2004, the court denied the defendant's Motion to Supplement Objections to Magistrate White's Report and Recommendation in Light of New Law.

12. On August 23, 2004, the defendant filed a Motion to Reopen Time for Appeal of the court's denial of his §2255 petition and he moved for a certificate of appealability.

13. On August 26, 2004, the court denied the defendant's Motion to Reopen Time for Appeal (of the denial of his § 2255 petition) as moot, denied his motion for a certificate of appealability and denied his motion for Modification of Sentence per <u>Blakely v. Washington</u>.

14. On February 7, 2005, the Eleventh Circuit Court of Appeals issued a limited remand to the district court to rule on the merits of the defendant's Motion to Reopen Time for Appeal.

15. On March 10, 2005, the court denied the defendant's Motion to Reopen Time for Appeal.

16. On March 22, 2005, the defendant filed a Motion for Reconsideration of the court's denial of his Motion to Reopen Time for Appeal.

17. On March 25, 2005, the court denied the defendant's Motion for Reconsideration of the court's denial of his Motion to Reopen Time for Appeal.

18. On March 31, 2005, the Eleventh Circuit Court of Appeals dismissed the defendant's appeal for lack of jurisdiction.

19. On November 4, 2005, the defendant, in 98-0076-CR-COHN, filed a Motion Pursuant to Federal Rule of Procedure 60 (b).

## II. Memorandum of Law

In his Motion Pursuant to Federal Rules of Civil Procedure Rule 60 (b), the defendant claims that, according to <u>Gonzalez v. Crosby,</u> filing a motion pursuant to Federal Rule of Civil Procedure

60(b) is the proper vehicle for readdressing his claim that the court erred in giving him two-level sentencing enhancements both for use of a dangerous weapon and restraint of a victim, allegedly in violation of United States v. Booker. Because the defendant's Rule 60 (b) motion is, in essence, a successive §2255 petition for which he (a) has not been granted permission by the court to file and (b) is unlikely to have prevailed on even if he were permitted to file it, his motion should be summarily dismissed.

### A. Defendant's Motion Should Properly be Construed as a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

The defendant's instant motion seeks to collaterally attack his conviction and sentence. In fact, it is premised on an effort by defendant to apply *Booker* to overturn his conviction and sentence in a successive collateral proceeding. In Gonzalez v. Crosby, 545 U.S. 524 (2005) the Supreme Court explained that under 28 U.S.C. §2244(b):

> the first step of analysis is to determine whether a 'claim presented in a second or successive habeas corpus application' was also 'presented in a prior application.' **If so, the claim must be dismissed**; if not, the analysis proceeds to whether the claim satisfies one of two narrow exceptions.[2]

(Emphasis added)(*quoting* 28 U.S.C. §2244(b)).

In this case, it is clear that the defendant previously raised the issue as to whether the court erred in giving him two-level sentencing enhancements both for use of a dangerous weapon and restraint

---

[2]Title 28 U.S.C. § 2255 states that these exceptions include:
(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

5

of a victim. In fact, the defendant admits that he "has a very clear and unrefuted record before the courts. The issue of 'sentencing enhancements' was raised at sentencing, on direct appeal, on petition for writ of certiorari and under 28 USC 2255" (Def's Mot. Pursuant to Rule 60(b), p 5). The record in 03-21484-CV-MOORE demonstrates that notwithstanding the issuance of the court's Final Judgement and Order denying the defendant's § 2255 petition (in which the defendant used *Apprendi*[3] to argue the issues raised in his Rule 60 (b) motion) on November 14, 2003, the defendant did not attempt to appeal the order until August 23, 2004 (when he filed a *pro se* Motion to Reopen time for Appeal and for a certificate of appealability) (DE: 10).[4]

As such, the defendant's Rule 60 (b) motion should be properly construed as a second application for relief under 28 U.S.C. § 2255. *See, e.g., United States v. Benitez*, 165 Fed.Appx. 764 (11th Cir. 2006) (*pro se* "Rule 60 (a) (b)(3)(4)(6)" motion serving as successive collateral attack on the sufficiency of the evidence to support defendant's criminal conviction properly construed as a second or successive motion for relief under § 2255). *See also, Felker v. Turpin*, 101 F.3d 657, 661 (11th Cir. 1996) ("Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions. That was true before the Antiterrorism and Effective Death Penalty Act ["AEDPA"] was enacted, and it is equally true, if not more so, under the new act.").

Given that the defendant has already litigated and lost his § 2255, this second or successive petition has been filed improperly. Pursuant to the AEDPA, Public L. No. 104-32, 110 Stat. 1214

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000).

[4] The defendant also filed a Motion for Modification of Sentence per <u>Blakely v. Washington</u> on July 15, 2004, and a Motion to Supplement Opposition to Magistrate's Report and Recommendation on August 5, 2004, both of which were denied on August 10, 2004 before the defendant filed his *pro se* Motion to Reopen time for Appeal and for a certificate of appealability.

(1996), in order to "file a second or successive § 2255 motion, the movant must first file an application with the appropriate Court of Appeals for an order authorizing the District Court to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)( *citing* 28 U.S.C. § 2244(b)(3)(A)). "Without [this] authorization, the District Court lacks jurisdiction to consider a second or successive petition." *Id.* (*citing Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997)). Defendant clearly has not filed such an application with the Eleventh Circuit Court of Appeals. Accordingly, defendant's motion should be dismissed.

Defendant may suggest that this Court could authorize, under 28 U.S.C. § 1631, a transfer to the Eleventh Circuit Court of Appeals so that the appellate court might consider his request to file a successive § 2255 motion. The government submits however, as set forth below in Part B, that it would be futile to do so. According to the Eleventh Circuit, the issues the defendant raised in his instant motion, premised on an attempt to apply *Booker* to his case, are not a basis for authorizing such a second or successive motion.

      **B.**    **All of Defendant's Claims in the Present Motion Are Foreclosed by Binding Eleventh Circuit Precedent**.

The Eleventh Circuit has issued a flat proscription to retroactive application of *Booker* claims to cases on collateral review. *Varela v. United States*, 400 F.3d. 864 (11th Cir. 2005). The Appeals Court has also expressly ruled that *Booker* cannot be applied retroactively on collateral review to support a grant of authorization to file a successive motion to vacate sentence. *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005); *In re Dean*, 375 F.3d 1287 (11th Cir. 2004). There are no exceptions to *Varela*, *Anderson*, or *Dean* in this Circuit. They serve as blanket prohibitions to retroactive application of *Booker* and its antecedents to cases on collateral review. *See, e.g., United*

*States v. Lundin*, 131 Fed. Appx. 677, 679 (11th Cir. 2005) ("In *Varela* this Court held that "*Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."). In light of this settled body of precedent, the defendant has absolutely no basis to seek to obtain the relief sought in the instant motion and his claims must be dismissed.

      **C.**    **Regardless, the Issues Raised by the Defendant Do Not Provide a Basis for 2255 Collateral Review, Would be Procedurally Barred and, Alternatively, Lack Substantive Merit.**

Even if the current motion was not successive, the claims posed by defendant would not be cognizable under § 2255. Title 28 U.S.C. § 2255 provides redress for jurisdictional or harmful constitutional errors. Only in rare circumstances, if the error or errors involve a "fundamental defect which inherently results in a complete miscarriage of justice," *U.S. v. Addonizio*, 442 U.S. 178 at 185 (1979), may non-jurisdictional or non-constitutional errors be subject to §2255 collateral review. Thus, even if a petitioner can establish an actual statutory violation, he will not be entitled to collateral relief unless the violation is a fundamental defect that amounts to a complete miscarriage of justice. This is a rigorous standard and most such violations, even if they involve significant procedural defects will not stand to invoke the extraordinary habeas jurisdiction. *Peguero v. United States*, 526 U.S. 23 (1999)(failure to advise defendant of right to appeal not such a fundamental defect). *See also, United States v. Anderson*, 987 F.2d 251, 259-60 (5th Cir. 1993)(erroneous jury instructions); *United States v. Timmreck*, 441 U.S. 780, 783-84 (violation of Fed. R. Crim. P. 11). Defendant's challenges here cannot surmount this hurdle. While defendant's guideline claims allege constitutional *Booker* error, such non-constitutional claims are simply not cognizable on collateral

review. Nor do they implicate any extraordinary circumstances making them susceptible to §2255 jurisdiction. *United States v. Burke*, 152 F.3d 1329, 1331-32 (11th Cir. 1998). Moreover, even if the claims were not barred, defendant would not be entitled to relief because all of the claims are substantively meritless. As the defendant acknowledged himself, these same issues were raised on appeal (as an *Apprendi* issue), and the Eleventh Circuit affirmed the district court's rulings on these issues. Therefore, such claims are without merit.

## Conclusion

For the foregoing reasons, the United States respectfully requests that this Court construe the defendant's Motion Pursuant to Federal Rule of Civil Procedure Rule 60(b) as a successive motion to vacate, correct, or set aside sentence filed under 28 U.S.C. § 2255, and dismiss the motion for lack of jurisdiction. The United States would further request that the Court refuse any request by defendant to seek a transfer of his motion to the Eleventh Circuit, and/or for a COA to appeal the dismissal of the instant motion.

    Respectfully submitted,
    R. ALEXANDER ACOSTA
    UNITED STATES ATTORNEY

By:  s/ Karlyn J. Hunter
    Court Number A55000809
    99 Northeast 4th Street
    Miami, Florida 33132-2111
    Tel: (305) 961-9085
    Fax: (305) 536-7213

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ Karlyn J. Hunter

**SERVICE LIST**
*Oscar Andres, pro se*
Federal Inmate Reg. No. 50618-004

FCI Butner Medium II
Federal Correctional Institution
P.O. Box 1500
Butner, NC 27509

*Pro se* defendant: Served via U. S. Mail